UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Chianne D., et al.,

    Plaintiffs,

v.                                       Case No. 3:23-cv-985-MMH-LLL

Jason Weida, in his official capacity
as Secretary for the Florida Agency
for Health Care Administration, et al.,

    Defendants.
_____/

**PLAINTIFFS' CONSENT MOTION TO PROCEED ANOYMOUSLY**

Plaintiffs Chianne D., C.D., and A.V., by and through her Next Friend, Jennifer V. and their undersigned counsel, respectfully move this Court for leave to proceed anonymously.

Plaintiff Chianne D. and Next Friend Jennifer V. seek to proceed by their initials to protect the identity of their children, respectively, C.D. and A.V. Under Fed. R. Civ. P. 5.2(a), minors C.D. and A.V. are entitled to proceed anonymously through their initials. Yet, the identification of their Next Friends (their mothers) Chianne D. and Jennifer V., by their full legal names would likely erase the confidentiality that the rule affords because the children would be readily identifiable by the names of their parents.

## MEMORANDUM OF LAW IN SUPPORT OF MOTION

If Chianne D. and Jennifer V. are not permitted to proceed anonymously, child Plaintiffs, C.D. and A.V., will effectively have no anonymity in this suit. Persons who learn the identities of Chianne D. and Jennifer V. will be able to readily determine the identities of C.D. and A.V. Thus, Plaintiffs respectfully submit that Chianne D. and Jennifer V. should be exempt from the general requirement that the parties be named in pleadings. Fed. R. Civ. P. 10(a).

"A party may proceed anonymously in a civil suit in federal court by showing that [s]he has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Plaintiff B. v. Francis*, 631 F.3d 1310, 1315-16 (11th Cir. 2011) (internal quotation marks omitted); *Doe v. Frank,* 951 F.2d 320, 323 (11th Cir. 1992). The ability to proceed anonymously is available both to minor litigants and their guardians in the same litigation when the standard for anonymity is met. *D.L. and K.L. ex rel. Phan L. v. Bateman*, No. 12-CV-208-32 JBT, 2012 WL 1565419, *2 (M.D. Fla., May 2, 2012) (holding that a legal guardian may proceed anonymously where the "public disclosure of their identities would nullify any privacy protection given to their children alone").

A court should carefully review all circumstances of a given case, including whether requiring openness would compel the plaintiff to disclose information of

2

utmost intimacy, and then decide whether the customary practice of disclosing the party's identity should yield to the party's privacy concerns. *Plaintiff B.*, 631 F.3d at 1316. Relevant circumstances include: (1) whether the persons seeking anonymity are challenging government activity; (2) whether the litigation would require those persons to disclose information of the utmost intimacy; (3) whether those persons are minors; (4) whether disclosure would make those persons the subject of retaliatory harassment or violence; and (5) whether anonymity poses a unique threat of fundamental unfairness to the defendant. *Id.* However, "some of these factors may not be relevant in a given case…[and] courts may consider other circumstances, including whether the plaintiffs are minors." *D.L.*, 2012 WL 1565419 at *2 (citing *Plaintiff B.*, 631 F.3d at 1316).

Under the circumstances relevant to this Motion and the case at hand, it is entirely appropriate to allow Chianne D. and Jennifer V. to proceed anonymously through their first names and last initial. First, Chianne D. and Jennifer V., along with other Plaintiffs in this litigation, seek to challenge government activity – specifically, whether Defendants' Medicaid termination notices satisfy the legal requirements under the federal Medicaid Act and the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution. Unlike private parties, Defendant Harris, named in her official capacity as the Secretary for the Department of Children and Families, and Defendant Weida, named in his official capacity as the Secretary

for the Agency for Health Care Administration, lack the same interest in protecting their reputation from possible damaging allegations, and therefore have a lesser interest in the public disclosure of the identities of those plaintiffs challenging governmental action. *See D.L.*, 2012 WL 1565419 at *2*; see also S. Methodist Univ. Ass'n of Women L. Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979).

Second, C.D. and A.V. are minors. The rules already entitle them to proceed anonymously through their initials. Fed. R. Civ. P. 5.2(a). Customarily, courts will allow both minors and their guardians to proceed anonymously where the interests of minor children are at stake. *See, e.g.*, *Blue Cross & Blue Shield United of Wisconsin,* 112 F.3d 869, 872 (7th Cir. 1997) (observing that fictitious names are allowed when necessary to protect children's privacy); *Stegall*, 653 F.2d at 186 (permitting minor children and their mother to use fictitious names as minor children are more vulnerable to potential harassment or violence against the family); *Doe v. Banos*, 713 F.Supp.2d 404, 407 (D.N.J. 2010) (stating that the pseudonym of father and daughter was "used to protect the identity of a 15-year-old minor."); *Sims v. Lakeside School*, No. 06-1412 RSM, 2007 WL 4219347, *1 (W.D. Wash. November 28, 2007) (finding that minor names and the names of the parents deserved use of pseudonyms to protect the interests of the minor children involved and that there is a strong public policy in favor of protecting the identity of children).

Third, and finally, Defendants will not be prejudiced by Chianne D. and

Jennifer V. proceeding anonymously. Neither seek to withhold their identities from Defendants or the Court, but only to proceed anonymously and to prevent disclosure of their identities in public documents to, in turn protect the identity of their minor children who are proceeding as Plaintiffs in this action. Allowing Chianne D. and Jennifer V. to proceed with their initials will not prejudice Defendants; Defendants will know their true identities, will have full discovery rights as the case progresses, and will only be barred from using or disclosing their names to the public or outside the litigation. *See Doe v. Porter*, 370 F.3d 558, 560-61 (6th Cir. 2004); *Foster*, 2019 WL 329548, at *2; *Doe v. United Services Life Ins. Co.*, 123 F.R.D. 437, 439 (S.D.N.Y. 1988). "[I]t is unclear how [the Court's grant of the requested relief] would . . . hinder[] [Defendants'] preparation" of the case, as Defendants here would still be able "to obtain all the necessary information to address" the issues in this case without public disclosure of Plaintiffs' full names. *Porter*, 370 F.3d at 561.

For these reasons, Chianne D. and Jennifer V. should be permitted to proceed anonymously with only their first names and last initials.

The Court should likewise allow C.D. and A.V. to proceed anonymously by their initials to protect their identities. This would not prejudice Defendants nor the public since they are entitled to proceed anonymously under Fed. R. Civ. P. 5.2(a).

**WHEREFORE**, Plaintiffs respectfully request that this Court grant their Motion to Proceed Anonymously.

## Local Rule 3.01(g) Certification

Pursuant to Middle District, Local Rule 3.01(g), the undersigned has conferred with counsel for the Defendants on August 25, 2023, and Defendants' counsel has indicated they do not oppose Plaintiffs' Motion.

Dated: August 28, 2023                             Respectfully submitted,

| | |
|---|---|
| **FLORIDA HEALTH JUSTICE PROJECT**<br>**Katy DeBriere** (Fl. Bar No. 58506)<br>3900 Richmond Street<br>Jacksonville, FL 32205<br>(352) 278-6059<br>debriere@floridahealthjustice.org<br><br>**Miriam Harmatz** (Fl. Bar No. 562017)<br>3793 Irvington Ave.<br>Miami, FL 33133<br>(786) 853-9385<br>harmatz@floridahealthjustice.org<br><br>**Lynn Hearn** (Fl. Bar No. 123633)<br>3606 Dexter Dr.<br>Tallahassee, FL 32312<br>(754) 231-0106<br>hearn@floridahealthjustice.org<br><br>*\* Application for admission pro hac vice forthcoming.* | **NATIONAL HEALTH LAW PROGRAM**<br><br>By: /s/ SIGNER<br>**Sarah Grusin\***<br>**Miriam Heard\***<br>**Amanda Avery\***<br>**Jane Perkins\***<br>1512 E. Franklin Street, Suite 110<br>Chapel Hill, NC 27541<br>(919) 968-6308<br>grusin@healthlaw.org<br>heard@healthlaw.org<br>avery@healthlaw.org<br>perkins@healthlaw.org |

## CERTIFICATE OF SERVICE

I hereby certify that, on August 28, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I served this motion by certified mail on the following non-CM/ECF participants:

Shevaun Harris, Secretary
Department of Children and Families
2415 N. Monroe St., Ste. 400
Tallahassee, FL 32303-4190
(850) 487-1111

Jason Weida, Secretary
Agency for Health Care Administration
2727 Mahan Dr.
Tallahassee, FL 32308
(888) 419-3456

                                            */s/Katy DeBriere*
                                            Katy DeBriere