UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Chianne D., et al.,

      Plaintiffs,

v.                                                              Case No. 3:23-cv-985-MMH-LLL

Jason Weida, in his official capacity
as Secretary for the Florida Agency
for Health Care Administration, et al.,

      Defendants.
_____/

## Amended Case Management Report

This case management report sets forth an expedited discovery and trial schedule so that Plaintiffs' Motion for Classwide Preliminary Injunction (Doc. 3) can be consolidated with a trial on the merits pursuant to Fed. R. Civ. P. 65(a)(2). Accordingly, the dates deviate from the typical requirements of the Local Rules for the Middle District of Florida.

1. **Date and Attendees**

   > The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

   The parties conducted the planning conference on 12/21/2023. Katherine DeBriere, Sarah Grusin, Andy Bardos, Tim Moore, and Ashley Lukis participated.

2. **Deadlines and Dates**

   The parties request these deadlines and dates:

   | Action or Event | Date |
   | --- | --- |

| | |
|---|---|
| Deadline for providing mandatory initial disclosures. | 11/6/2023 |
| Deadline for moving to join a party or amend the pleadings. | 1/18/2024 |
| Defendant's deadline for filing an Answer | 2/8/2024 |
| Plaintiff's deadline for disclosing any expert report. | 2/8/2024 |
| Defendant's deadline for disclosing any expert report. | 2/8/2024 |
| Deadline for disclosing any rebuttal expert report. | 3/8/2024 |
| Deadline for completing **fact** discovery** and filing any motion to compel **fact** discovery.<br><br>**For discovery regarding existing plaintiffs, the deadline for either party to respond is 30 days from the date of service of the discovery request.<br><br>For discovery regarding new plaintiffs, the deadline for Plaintiffs to respond is 15 days from the date of service of the discovery request. The deadline for Defendants to respond remains 30 days from the date of service of the discovery request. | 3/22/2024 |
| Deadline for completing **expert** discovery and filing any motion to compel **expert** discovery. | 3/29/2024 |
| Deadline for moving for class certification, if applicable. (*See* Doc. 2, filed 8/22/2023) | 8/22/2023 |
| Deadline for filing any dispositive motion.*<br><br>*Responses are due 21 days from the date of service of the motion. | 3/22/2024 |
| Deadline for filing any *Daubert* motion.*<br><br>*Responses are due 21 days from the date of service of the motion. | 4/5/2024 |

2

| | |
|---|---|
| Deadline for filing pretrial motions. | 4/5/2024 |
| Deadline for participating in mediation. *See* Local Rules, Ch. 4. | 5/10/2024 |
| Deadline for Rule 26(a)(3) Disclosures. | 4/12/2024 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 4/19/2024 |
| Deadline for joint pretrial statement. | 4/29/2024 |
| Deadline for Rule 26(a)(3) Objections | 4/29/2024 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 5/3/2024 |
| Deadline to file trial brief. | 5/7/2023 |
| Month and year of the trial term. | 5/13/2024 |

The trial will last approximately five (5) days and be

☐ jury.

☒ non-jury.

3. **Description of the Action**

This matter is a putative class action challenging the legal sufficiency of notice provided to certain Medicaid recipients in Florida who have been determined ineligible for Medicaid coverage.

4. **Disclosure Statement**

☒ The parties have filed their disclosure statement as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03.

5. **Related Action**

☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

6. **Consent to a Magistrate Judge**

> "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
>
> The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

7. **Preliminary Pretrial Conference**

☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

8. **Discovery Practice**

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

4

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

9. **Discovery Plan**

   The parties submit the following discovery plan under Rule 26(f)(2):

   A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

      ☒ Yes.
      ☐ No; instead, the parties agree to these changes: enter changes.

   B. Discovery may be needed on these subjects:

      Plaintiffs anticipate needing discovery related to:
      - The development and content of Florida's Medicaid ineligibility notices.
      - The process for determining Florida Medicaid ineligibility.
      - The number of individuals in the class.

      Defendants anticipate needing discovery related to:

      - The circumstances of the plaintiffs, their next friends, and class members in relation to ineligibility determinations and notice.

   C. Discovery should be conducted in phases:

      ☒ No.
      ☐ Yes; describe the suggested phases.

   D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

      ☐ No.
      ☒ Yes; Disclosure or discovery of electronically stored information (ESI) will be handled in compliance with Fed. R. Civ. P 26(b)(2)(B) and

Fed. R. Civ. P. 34(b)(2)(E) as well as in accordance with the Civil Discovery Handbook for the Middle District of Florida ("Civil Discovery Handbook"). The parties agree to engage in a reasonable process of producing ESI relevant to this action by making a good faith and reasonable inquiry of ESI to identify, collect, and process non-privileged and relevant ESI from relevant custodians by processing the data using reasonable culling methodologies that consider burden and cost. Where necessary, counsel for the parties shall confer to discuss the use of search terms, the identification of relevant custodians, and ESI to be searched, and other issues regarding the collection and processing of ESI. As such, in circumstances where a party is asserting data is not reasonably accessible, that party shall provide to the other party an explanation of why the information is not reasonably accessible and the undue burden or cost associated with retrieving the data. If the party requesting the information still insists on its production, the parties shall attempt to reach an agreement on sharing the cost of retrieving such data prior to bringing a motion to compel with the Court. As it relates to potential ESI that is in a "database" format such as SQL databases, the parties will confer regarding the searching and production of database information, if any, as it comes up and to seek assistance of the Court if the parties are not able to agree. In the absence of an agreement on any particular issue, the default standards of the Civil Discovery Handbook will apply.

E.  ☒  The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d). The parties respectfully request the entry of a Rule 502(d) Order in the following terms:

This Order is entered pursuant to Federal Rule of Evidence 502(d) and is intended to afford the maximum protection that Rule 502(d) provides. The disclosure of a communication or information covered by the attorney-client privilege or work-product protection does not waive or forfeit the privilege or protection in this proceeding or any other federal or state proceeding, regardless of whether (a) the disclosure was inadvertent; (b) the holder of the privilege or protection took reasonable steps to prevent disclosure; or (c) the holder promptly took reasonable steps to rectify the error. This Order does not limit a party's right to conduct a pre-production review of communications or information for

6

any purpose, including responsiveness and the identification and assertion of privileges or work-production protections.

F. The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☒ No.
☐ Yes; describe the stipulation.

## 10. Request for Special Handling

☒ The parties do not request special handling.

☐ The parties request special handling.

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

## 11. Certification of familiarity with the Local Rules

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

## 12. Signatures

FOR THE PLAINTIFFS,

/s/Katy DeBriere
Katherine DeBriere
FBN: 58506
Florida Health Justice Project
3900 Richmond Street
Jacksonville, FL 32205
debriere@floridahealthjustice.org

FOR THE DEFENDANTS,

/s/ Andy Bardos
Andy Bardos (FBN 822671)
James Timothy Moore, Jr. (FBN 70023)
Ashley H. Lukis (FBN 106391)
GRAYROBINSON, P.A.
301 South Bronough Street, Suite 600
Tallahassee, Florida 32301
Telephone: 850-577-9090
andy.bardos@gray-robinson.com
tim.moore@gray-robinson.com
ashley.lukis@gray-robinson.com