UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Chianne D., et al.,

    Plaintiffs,

v.                                      Case No. 3:23-cv-00985-MMH-LLL

Jason Weida, in his official capacity
as Secretary for the Florida Agency
for Health Care Administration, et al.,

    Defendants.
_____/

**AMENDED PROPOSED ORDER ON PLAINTIFFS'
MOTION FOR A CLASSWIDE PRELIMINARY INJUNCTION**

Pursuant to the Court's instruction at the December 21, 2023 status conference (Dkt. 65), Plaintiffs submit the following Amended Proposed Order on Plaintiffs' Motion for a Classwide Preliminary Injunction:

**Proposed Order**

Upon review of Plaintiffs' Motion for a Preliminary Injunction, and upon finding that Plaintiffs have made a showing of a clear and substantial likelihood of success on the merits of their claim that Defendants have failed to provide an "opportunity for a fair hearing" as required by 42 U.S.C. § 1396a(a)(3) and as implemented by 42 C.F.R. § 431.210, by failing to include in their written notices a "statement of what action the agency . . . intends to take and the effective date of

such action," or a "clear statement of the specific reasons supporting the intended action," *id.*, the Court hereby GRANTS the requested preliminary injunction.

Defendants are hereby ordered to:

1. Revise the Notices of Case Action (NOCAs or notices) communicating Medicaid ineligibility to class members as follows:

    a. Include the following information for each member of the household:

        i. A statement identifying the Medicaid category under which the household member was previously eligible;

        ii. A list of the eligibility standard(s) for the category under which the household member was previously eligible, including a statement of the income limit for the applicable household size (or a statement that the category has no income requirements);

        iii. The eligibility standard(s) that DCF determined the household member does not meet;

        iv. The factual information DCF used to reach its determination; and

      v. A statement that DCF found the individual ineligible in any other Medicaid category, and a general description of what the other eligibility categories are.

          1. Compliance with paragraph 1.a.v. can be accomplished by including a short text statement generally describing other eligibility categories or by alerting individuals, through hyperlink, QR code, or otherwise about the availability of additional information describing other eligibility categories.[1]

   b. Revise the fair hearing paragraph in the NOCAs to (a) include information regarding the method for submitting an appeal online or via email, and (b) specify that individuals will only be required to repay Medicaid benefits if the agency finds that the individual engaged in fraud or an intentional program violation.[2]

2. Cease terminating Medicaid coverage of class members until notices that meet the requirements of paragraph 1 are provided.

   a. To be clear, this injunction does not require Defendants to halt *all* Medicaid terminations. Defendants are permitted to continue

---

[1] An example of notice text that would satisfy paragraph 1(a) is attached as Appendix A.
[2] An example of notice text that would satisfy paragraph 1(b) is attached as Appendix B.

3

conducting redeterminations, but may not terminate coverage for *class members*, who would otherwise be issued a notice that uses the reason codes included in the subclass definitions, namely:

**Subclass A**

    i. YOU ARE RECEIVING THE SAME TYPE OF ASSISTANCE FROM ANOTHER PROGRAM.

    ii. YOU OR A MEMBER(S) OF YOUR HOUSEHOLD REMAIN ELIGIBLE FOR MEDICAID UNDER A DIFFERENT MEDICAID COVERAGE GROUP.

    iii. YOUR MEDICAID FOR THIS PERIOD IS ENDING.

**Subclass B**

    iv. YOUR HOUSEHOLD'S INCOME IS TOO HIGH TO QUALIFY FOR THIS PROGRAM.

    v. YOUR INCOME IS TOO HIGH TO QUALIFY FOR THIS PROGRAM; and

    vi. Other materially similar reason codes that omit information regarding the applicable income limit as reflected by the green highlighting in Dkt. 47-3.

3. Prospectively reinstate Medicaid coverage for Plaintiffs A.V. and C.D. and other class members who, as of the date of this order, are not enrolled in

Medicaid until Defendants provide them with a notice that meets the requirements listed in paragraph 1.

*Or in the alternative:*

3. Issue a corrective notice to Plaintiffs A.V. and C.D. and all other class members who are not enrolled in Medicaid as of the date of this order that:

   a. States that the prior NOCA issued to the household did not contain required information about the action being taken;

   b. Provides the information listed in paragraph 1(a) about the basis for DCF's eligibility decision;

   c. Gives recipients a new opportunity, within 15 days from the date the corrective notice is issued, to request a fair hearing with benefits pending the outcome of the hearing; and

   d. For class members whose NOCAs were issued before October 4, 2023:[3]

      i. States that the prior notice included incorrect information about fair hearing rights, and

---

[3] *See* Dkt. 66-1, Decl. of Laquetta Anderson (confirming that before October 4, 2023 every fair hearing paragraph included the language "You will be responsible to repay any benefits if the hearing decision is not in your favor," and that since that date, the word "will" has been replaced with "may").

      ii. Corrects the misstatement that individuals "will" have to repay benefits if they lose the fair hearing.[4]

SO ORDERED, this ___ day of _____ 2023.

_____

Honorable United States District Judge

---

[4] An example of corrective notice text that would satisfy alternative paragraph 3 is attached as Appendix C.

**Appendix A**
**Sample Notice Text**

Medicaid for **[insert household member name]** will end on **[date].**

You were previously eligible for Medicaid as a parent or caretaker of a minor child. To qualify as a parent or caretaker, you must meet two requirements:

1. You must live with a child under age 18.

2. For a household of **[household size]** your countable income must be below **[$XX]** per month. Countable income includes wages, salary, alimony, rental income, and other taxable income. Not all income counts. For more information about how we count income, visit: **[url or other reference]**.

Our records show that you are in a household of **[household size]** and have **[$YY]** in countable income per month. That is above the income limit of **[$XX]**.  **[or]**  Our records show that you no longer live with a child under age 18.

Our records also show you are not eligible in any other category that we cover.

The categories we cover include:
- children
- people who are pregnant or gave birth in the last 12 months
- parents and caretakers of minor children
- people age 19-20
- people age 65 or older
- people with disabilities who have limited income
- people who are receiving Social Security and used to receive SSI checks
- people who turned 18 while in foster care, and
- people who have been diagnosed with breast or cervical cancer by a county health department.

For more information about the eligibility requirements for Florida Medicaid visit: **[insert url, QR code, or other reference]**.

# Appendix B
# Sample Fair Hearing Language

**Fair Hearings:** If you disagree with the decision we have made, you have the right to ask for a hearing before a state hearings officer. You may be represented at the hearing by a lawyer, relative, friend or anyone you choose.

If you ask for a hearing before the date your benefits are scheduled to end or change, your Medicaid benefits will continue at the prior level until the hearing decision; for all other programs, your benefits may continue at the prior level until the hearing decision. You may be responsible to repay any Medicaid benefits if the hearing decision is not in your favor and there is a finding of fraud or an intentional program violation.

You can still ask for the hearing within 90 days from the date at the top of this notice, but if you ask for the hearing after your benefits have ended, your benefits may not continue.

You may ask for a hearing by:

- emailing us at appeal.hearings@myflfamilies.com
- making a request online at https://www.myflfamilies.com/fairhearings
- writing to us at Appeal Hearings Section, 2415 North Monroe Street, Suite 400-I, Tallahassee, Florida 32303-4190
- calling the call center, or
- coming into an office.

Your appeal will be decided within 90 days of your request. For Medicaid, if you have an urgent health care need (one that would result in serious harm to your health if not treated soon), you can ask for a faster appeal. Proof of your urgent health care need may be requested.

If you need information about free legal services, visit https://fundingfla.org/florida-legal-aid-programs/ or call the ACCESS Customer Call Center toll free at (850)300-4DCF (4323) for a listing of legal services in your area.

# Appendix C
# Sample Corrective Notice Language

We are sending this letter because you received a notice saying your Medicaid was ending. The notice you received did not include required information about the reason for our decision. This notice includes the missing information and explains why we thought you were not eligible.

**[For individuals who were issued NOCA's before October 4, 2023:]** Your notice also had incorrect information about your appeal rights. The previous notice said that you will have to pay back benefits if you lose your appeal. This information is incorrect. You will NOT have to pay back Medicaid benefits received during an appeal unless there is a finding of fraud or an intentional program violation.

Because of the mistake in the prior notice, we are giving you another opportunity to ask for a fair hearing before a state hearings officer if you disagree with our decision.

If you ask for an appeal by **[15 days from date notice is issued]**, your Medicaid benefits will be reinstated and will continue during the hearing process. And you will NOT have to pay back benefits received during the hearing process, even if the decision is not in your favor unless there is a finding of fraud or an intentional program violation.

You may ask for a hearing by:

- emailing us at appeal.hearings@myflfamilies.com
- making a request online at https://www.myflfamilies.com/fairhearings
- writing to us at Appeal Hearings Section, 2415 North Monroe Street, Suite 400-I, Tallahassee, Florida 32303-4190
- calling the call center, or
- coming into an office.

Your appeal will be decided within 90 days of your request. For Medicaid, if you have an urgent health care need (one that would result in serious harm to your health if not treated soon), you can ask for a faster appeal. Proof of your urgent health care need may be requested.

If you need information about free legal services, visit https://fundingfla.org/florida-legal-aid-programs/ or call the ACCESS Customer Call Center toll free at (850)300-4DCF (4323) for a listing of legal services in your area.