**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CHIANNE D., *et al.*,

Plaintiffs,

Case No. 3:23-cv-00985-MMH-LLL

v.

JASON WEIDA, in his official capacity as Secretary for the Florida Agency for Health Care Administration, and SHEVAUN HARRIS, in her official capacity as Secretary for the Florida Department of Children and Families,

Defendants.
_________________________________/

**DEFENDANTS' MOTION FOR LEAVE TO RESPOND TO PLAINTIFFS' AMENDED PROPOSED ORDER ON MOTION FOR CLASSWIDE PRELIMINARY INJUNCTION**

Defendants respectfully move the Court for leave to respond to Plaintiffs' Amended Proposed Order on Plaintiffs' Motion for a Classwide Preliminary Injunction (ECF No. 69).

1. On August 22, 2023, Plaintiffs moved for class certification and a classwide preliminary injunction. ECF Nos. 2 & 3. In their motion for a preliminary injunction, Plaintiffs asked the Court to reinstate the Medicaid coverage of—and pause the termination of Medicaid benefits for—all class members until DCF provides class members with "adequate" notice. ECF No. 3 at

22. Plaintiffs reiterated that request in a contemporaneously filed proposed order. ECF No. 6-1 at 4.

2. While Plaintiffs' complaint and motions imputed dozens of alleged flaws and shortcomings to DCF and its termination notices, neither Plaintiffs' motion for a preliminary injunction nor their initial proposed order requested any specific changes to those notices. Neither the motion nor the proposed order sought any particular modifications that, according to Plaintiffs, would render the termination notices "adequate," or legally compliant.

3. This Court conducted a hearing on Plaintiffs' motions on December 13, 2023. At the hearing, the Court indicated that Plaintiffs' proposed order amounted to an obey-the-law injunction. ECF No. 64 at 113:17–117:15. At a status conference on December 21, 2023, the Court afforded Plaintiffs 15 days to submit an amended proposed order that specifically articulates the preliminary injunctive relief that Plaintiffs seek.

4. Plaintiffs filed their amended proposed order on December 29, 2023. ECF No. 64. The amended proposed order (1) spells out the specific, affirmative changes that Plaintiffs ask the Court to order DCF to make to its termination notices; (2) revises Plaintiffs' proposed class definitions; and (3) proposes a scheme for DCF's issuance of specific, "corrective notices" and renewed fair-hearing opportunities.

5. Plaintiffs did not disclose these provisions in their previous submissions to the Court. Of course, if they had, then an amended proposed

order would have been unnecessary. Defendants therefore have not had an opportunity to respond with evidence or argument to the remedial provisions disclosed in Plaintiffs' amended proposed order. Defendants submit that a response would assist the Court's assessment of the propriety of the requested relief.

6. Specifically, Defendants' response might address, among other subjects:

a. Whether the proposed preliminary injunction violates principles of equitable relief (for example, whether it grants essentially the full relief that Plaintiffs would seek at a trial on the merits, or merely preserves the relative positions of the parties, and whether certain provisions, such as Part 1.b., exceed the scope of any legal violations found by the Court);

b. Whether it is technically feasible to include in termination notices the specific, individualized information that Plaintiffs contend the notices should include, and what costs, burdens, and resource diversions the proposed relief would impose on the State and other important programs that serve the public;

c. Whether termination notices must recite the legal standards for Medicaid eligibility, which all recipients can find in publicly available documents, such as 42 U.S.C. § 1396a(a)(10) and sections 409.903 and 409.904 of the Florida Statutes;

d. Whether Plaintiffs' proposed "general description" of Medicaid eligibility categories is so over-generalized that it would provide recipients with inaccurate, incomplete, and misleading information, *see*, *e.g.*, ECF No. 69 at 7 (incorrectly stating that all "children" are Medicaid-eligible), and whether an accurate statement of all Medicaid eligibility categories can feasibly be incorporated into DCF's termination notices;

e. Whether Subclass A is still limited to Medicaid recipients who are issued notices that use *only* one or more of the three specified reason codes, and, if not, whether the new subclass definition satisfies commonality and typicality or is overbroad;

f. Whether the new subclass definition for Subclass B is vague and subjective to the extent it includes Medicaid recipients who received notices that use reason codes "materially similar" to the two reason codes specifically identified in the subclass definition, or whether there is an objective standard by which to determine whether a reason code is "similar" to another reason code and whether that similarity is "material."

7. For these reasons, Defendants respectfully seek leave, within 15 days after the Court rules on this motion, to file a ten-page response that presents argument and evidence (such as declarations that address the costs, burdens, and feasibility of proposed relief that Plaintiffs could have disclosed months ago). Defendants will avoid repetition of arguments previously presented and will limit the subject matter of their response to the amended proposed order.

**WHEREFORE**, Defendants respectfully move the Court for leave to respond to the "Amended Proposed Order on Plaintiffs' Motion for a Classwide Preliminary Injunction" (ECF No. 69).

**Local Rule 3.01(g) Certification**

Counsel for Defendants have conferred with counsel for Plaintiffs in a good-faith effort to resolve the motion. Plaintiffs' position is as follows:

> Plaintiffs oppose the motion. Defendants have either already addressed or had ample opportunity to address the topics identified in paragraphs 6 in the briefing and extensive oral argument. Further briefing, including reopening the evidentiary record with new declarations, would result in unnecessary delay in resolving this preliminary motion. In the alternative, should the court grant Defendants' motion to respond, Plaintiffs request the opportunity to file a reply, to preserve Plaintiffs' right, as movant, to have the final word.

Defendants do not oppose Plaintiffs' request for leave to file a reply.

Respectfully submitted,

/s/ *Andy Bardos*
Andy Bardos (FBN 822671)
James Timothy Moore, Jr. (FBN 70023)
Ashley H. Lukis (FBN 106391)
GRAYROBINSON, P.A.
301 South Bronough Street, Suite 600
Tallahassee, Florida 32301
Telephone: 850-577-9090
andy.bardos@gray-robinson.com
tim.moore@gray-robinson.com
ashley.lukis@gray-robinson.com
*Attorneys for Defendants*