UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHIANNE D.; C.D., by and through
her mother and next friend, Chianne D.;
A.V., by and through her mother
and next friend, Jennifer V.; KIMBER
TAYLOR; and K.H., by and through his
mother and next friend, Kimber Taylor,

      Plaintiffs,

-vs-            Case No. 3:23-cv-985-MMH-LLL

JASON WEIDA, in his official
capacity as Secretary for the FLORIDA
AGENCY FOR HEALTH CARE
ADMINISTRATION, and SHEVAUN
HARRIS, in her official capacity as
Secretary for the FLORIDA
DEPARTMENT OF CHILDREN
AND FAMILIES,

      Defendants.
_____/

**O R D E R**

  **THIS CAUSE** is before the Court Plaintiffs' Motion for Class Certification (Doc. 2; Class Motion) and Plaintiffs' Motion for a Classwide Preliminary Injunction (Doc. 3; Injunction Motion), both filed on August 22, 2023. Plaintiffs filed a First Amended Complaint (Doc. 77) on January 18, 2024, which rendered moot the parties' previous pleadings. See Malowney v. Federal Collection Deposit Group, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999)

(noting that "[a]n amended complaint supersedes a previously filed complaint"); Meterlogic, Inc. v. Copier Solutions, Inc., 185 F. Supp. 2d 1292, 1297 (S.D. Fla. 2002) (noting that the plaintiff's filing of an amended complaint "rendered moot the parties' previous pleadings and the defendants' summary judgment and Daubert motions"). Indeed, "'the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'" See Pintando v. Miami Hous. Agency, 501 F.3d 1241, 1243 (11th Cir. 2007) (quoting Dresdner Bank AG v. M/V Olympia Voyager, 463 F.3d 1210, 1215 (11th Cir. 2006)).

Given the substantial time and resources expended on the pending Motions, the Court considered whether it would be feasible and appropriate to construe the pending Motions as pertaining to the Amended Complaint. Cf. Am. Airlines, Inc. v. Spada, No. 23-21844-CIV-ALTONAGA/Damian, 2023 WL 8001220, at *2-3 (S.D. Fla. Nov. 18, 2023). However, the Amended Complaint adds new Plaintiffs to this case which significantly impacts the standing analysis, a central issue with regard to both the Class Motion and the Injunction Motion. Indeed, proceeding on the current Motions would require additional briefing from all parties to address the standing of the new Plaintiffs and their impact on class certification and injunctive relief. Thus, in light of the changed posture of the case, and because the original complaint on which the Class Motion and Injunction Motion are premised is now "a legal nullity," the Court

finds that the Class Motion and Injunction Motion are due to be denied without prejudice as moot. See Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016).

Accordingly, it is

**ORDERED:**

1. Plaintiffs' Motion for Class Certification (Doc. 2; Class Motion) and Plaintiffs' Motion for a Classwide Preliminary Injunction (Doc. 3) are **DENIED WITHOUT PREJUDICE AS MOOT.**

2. Plaintiffs shall have up to and including **February 20, 2024**, to file an amended motion for class certification.[1]

**DONE AND ORDERED** in Jacksonville, Florida, on January 23, 2024.

*[signature]*

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties

---

[1] Given that trial in this case is imminent, the Court does not anticipate the need for refiling the motion for preliminary injunction.