UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHIANNE D., et al.,
    Plaintiffs,

v.

Case No. 3:23-cv-00985-MMH-LLL

JASON WEIDA, in his official capacity
as Secretary for the Florida Agency for
Health Care Administration, et al.,
    Defendants.
_____/

**MOTION FOR
EXTENSION OF TIME FOR PLAINTIFFS TO RESPOND
TO DEFENDANT'S MOTIONS TO DISMISS AND BIFURCATE**

Plaintiffs Chianne D., et al, move this Court for an order extending the time to respond to both motions to dismiss and bifurcate filed by Jason Weida and Shevaun Harris ("Defendants") (Doc. 86 & Doc. 87). Plaintiffs request that their responses to these motions be due **April 5, 2024**, and, as support for the requested relief, state:

1.    On February 29, 2024, Defendants filed a Motion to Bifurcate (Doc. 86). The next day, Defendants filed a Motion to Dismiss (Doc. 87). The responses to both motions are due on March 14, 2024, and March 22, 2024, respectively. Both motions present several issues regarding standing and remedies, and, as such, Plaintiffs need additional time to fully brief these issues.

2.    The deadlines for the responses to both motions are scheduled for mid-March. The deadline for completing fact discovery in this matter is March 22, 2024, and the deadline for completing expert discovery is March 29, 2024. As a

result, the parties are currently engaged in intense discovery. From March 4th to March 19th, the parties have scheduled ten depositions, including two corporate representative depositions, where Defendants have asserted that they intend to designate multiple deponents. Additionally, Defendants asked Plaintiffs to reserve full days for all named Plaintiff and Plaintiff declarant depositions. Although those depositions may only take half a day, because Defendants have asked for the full day to be reserved, the Plaintiffs have accommodated their request. Thus, discovery is absorbing much of Plaintiff counsels' time.

3. Further, the motion to bifurcate is premature; neither fact nor expert discovery is complete. Notably, Defendants admit that a Motion to Bifurcate is best decided in the "later stages of litigation," when the issues to be determined by the Court have come into sharper relief. (Doc. 86 at 6). And, Plaintiffs' requested extension to April 5, 2024 to *respond* to the Motion to Bifurcate aligns with the April 5th deadline for the initial filing of pretrial motions. (Doc. 72). Thus, Plaintiffs' requested extension of time will not interfere with any of the deadlines set forth in the Amended Case Management order.

4. Plaintiffs also intend to seek leave to file a reply to Defendants' response to Plaintiffs' Amended Class Certification motion (Doc. 85). Class certification must be decided before the Court can rule on Defendant's Motion to Dismiss because standing is the central argument of Defendant's Motion (Doc. 87 at 4-8). The issue of standing cannot be decided until class certification is decided, because if the Court certifies the classes, then Plaintiffs' standing may relate back to the time the Complaint was filed. See *Stein v. Buccaneers Ltd.*, 772 F.3d 698, 705

(11th Cir. 2014) (discussing the "relation back" doctrine). Therefore, class certification may render a substantial part of Defendant's Motion moot.

5.     Additionally, the deadline to file dispositive motions in this case is March 22, 2024, so, again, filing a *response* to the dispositive motion by April 5, 2024 aligns with the Amended Case Management Order. (Doc. 72).

6.     Finally, in addition to preparing for depositions and responding to these motions, two Plaintiffs' counsel, Katy DeBriere and Sarah Grusin, have long planned spring break vacations with their families in the month of March, as well as other responsibilities and management obligations to grant funders for work outside of this matter. A brief extension of time will allow Plaintiffs' counsel to meet all work obligations as well as continue to abide by the case management deadlines set in this matter.

7.     **Local Rule 3.01(g) Certificate of Conferral**. Pursuant to M.D. Fla. Local Rule 3.01(g), undersigned counsel certifies that, on March 3, 2024, undersigned counsel conferred with Defendant's counsel via email prior to filing this motion. In response, Defendant's counsel stated the following:

> "Defendants take no position on Plaintiffs' request and confide in this Court's sound judgment in this case-management matter. Defendants only express their concern that a three-week extension of time to respond to two eight-page motions at this stage of the litigation might unduly postpone to the eve of trial the Court's rulings on several key questions—Defendants' motion to bifurcate (ECF No. 86), Defendants' motion to dismiss Chianne's and C.D.'s claims under Rule 12(b)(1) (ECF No. 87), and Plaintiffs' amended motion for class certification (ECF No. 85) (since the justiciability of the class representatives' claims Is a prerequisite to class certification)—and thus have the effect of a filibuster. If the proposed extension has that effect, then the scope of the case and of the trial will remain In doubt even as the parties prepare their exhibit and witness lists (due April 12), draft their pretrial stipulation (due April 29), and prepare for trial (beginning May 13). The

Court should direct responses to be filed by a date (or dates) that it determines will afford the Court sufficient time to fully consider and rule on each of the pending motions in a timely way, without prejudice to Defendants."

WHEREFORE, Plaintiffs respectfully request this Court enter an Order extending the time to respond to both motions to dismiss and bifurcate, filed by Defendants, to April 5, 2024.

Respectfully Submitted this 5th day of March 2024.

**Florida Health Justice Project**

*/s/Jerron Wheeler*

**Katy DeBriere** (Fl. Bar No. 58506)
3900 Richmond Street
Jacksonville, FL 32205
(352) 496-5419
debriere@floridahealthjustice.org

**Miriam Harmatz** (Fl. Bar No. 562017)
3793 Irvington Ave.
Miami, FL 33133
(786) 853-9385
harmatz@floridahealthjustice.org

**Lynn Hearn** (Fl. Bar No. 123633)
3606 Dexter Dr.
Tallahassee, FL 32312
(754) 231-0106
hearn@floridahealthjustice.org

**Jerron Wheeler** (Fl. Bar No. 1032240)
2427 Tequesta Lane
Miami, FL 33133
904-566-3666
wheeler@floridahealthjustice.org

**Ronnie Graham** (Fl. Bar. No. 1032153)
2427 Tequesta Lane
Miami, FL 33133
850-273-1651
graham@floridahealthjustice.org

**National Health Law Program**

**Sarah Grusin**\*\*
**Miriam Heard**\*\*
**Amanda Avery**\*\*
**Jane Perkins**\*\*
1512 E. Franklin Street, Suite 110
Chapel Hill, NC 27541
(919) 968-6308
grusin@healthlaw.org
heard@healthlaw.org
avery@healthlaw.org
perkins@healthlaw.org

\*\* *Admitted pro hac vice.*