# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

CHIANNE D., *et al.*,

    Plaintiffs,

v.

JASON WEIDA, in his official capacity as Secretary for the Florida Agency for Health Care Administration, and SHEVAUN HARRIS, in her official capacity as Secretary for the Florida Department of Children and Families,

    Defendants.

_____/

Case No. 3:23-cv-00985-MMH-LLL

## JOINT MOTION FOR CLARIFICATION OF AMENDED SCHEDULING ORDER (ECF NO. 72) AND CONDITIONAL JOINT MOTION TO DISPENSE WITH MEDIATION

All parties jointly request an Order clarifying whether the mediation deadline of May 10, 2024 contained in this Court's Amended Scheduling Order, ECF No. 72, contemplates a second mediation before trial, or whether that deadline was satisfied by the parties November 2023 settlement conference. If this Court clarifies that the Amended Scheduling Order currently requires the parties to mediate again before trial, then the parties jointly move for an Order dispensing with the mediation requirement.

1. The Amended Scheduling Order sets this matter for a five-day bench trial beginning May 13, 2024. ECF No. 72 at 3. The parties seek clarification of two pre-trial requirements in the Amended Scheduling Order.

2. The parties submitted an Amended Case Management Report on December 23, 2023, ECF No. 68, and this Court adopted the Amended Scheduling Order on January 4, 2024, ECF No. 72.

3. The Amended Scheduling Order contains a May 10, 2024 mediation deadline, and an April 5, 2024 deadline to notify the Court of the parties' selected mediator. ECF No. 72 at 2, 7.

4. The parties previously engaged in a settlement conference before Judge Schlesinger on November 15, 2023. ECF No. 53. This settlement conference resulted in an impasse.

5. The parties have different understandings regarding the applicability of the mediation deadline in the Amended Scheduling Order.

6. Plaintiffs' understanding is that the parties' November settlement conference satisfies the mediation requirement contained in the Court's Amended Scheduling Order. Plaintiffs consented to including a mediation deadline in the Case Management Report because the Court's Uniform Case Management Report contains a section for a mediation deadline and because it was possible the parties may again attempt mediation.

7. Defendants' understanding is that the Amended Scheduling Order requires the parties to mediate again, because the parties proposed and the Court

2

adopted the May 10, 2024 mediation deadline two months after the parties' first settlement conference concluded.

8. In light of this good-faith difference in interpretation, the parties respectfully request clarification of the May 10, 2024 mediation deadline set forth in the Court's Amended Scheduling Order. Specifically, the parties request clarification as to whether this deadline was already satisfied by the November 15, 2023 settlement conference, or whether it remains in place and contemplates an additional mediation.[1]

9. If this Court clarifies that the Amended Scheduling Order's May 10, 2024 mediation deadline remains in place and was not satisfied by the November settlement conference, then the parties respectfully request that this Court dispense with the mediation requirement.

10. The parties jointly submit that mediation at this late stage in the litigation would be unproductive. The previous settlement conference resulted in an impasse, and preparing for and conducting a second mediation with fewer than six weeks remaining before trial would detract from the parties' trial preparation efforts with little likelihood of achieving resolution. Thus, to the extent the Court clarifies that a second mediation is required under the Amended Scheduling Order, the parties jointly move this Court to dispense with the mediation requirement.

---

[1] The parties filed a Joint Notice of Selected Mediator on November 13, 2023. ECF No. 59. Consistent with their understanding of the mediation deadline, Defendants likewise request clarification as to whether the Amended Scheduling Order contemplates the filing of a subsequent Joint Notice.

3

**WHEREFORE**, the parties request (i) an Order clarifying the provision of the Amended Scheduling Order imposing a May 10, 2024 mediation deadline; and (ii) if the Court clarifies that the Amended Scheduling Order requires a second mediation before May 10, 2024, an Order dispensing with the mediation requirement.

Dated April 4, 2024.

| | |
|---|---|
| /s/ *Katherine DeBriere* | /s/ *Ashley Lukis* |
| Katherine DeBriere | Andy Bardos (FBN 822671) |
| FBN: 58506 | James Timothy Moore, Jr. (FBN 70023) |
| Florida Health Justice Project | Ashley H. Lukis (FBN 106391) |
| 3900 Richmond Street | GRAYROBINSON, P.A. |
| Jacksonville, Florida 32205 | 301 South Bronough Street, Suite 600 |
| debriere@floridahealthjustice.org | Tallahassee, Florida 32301 |
| *Attorneys for Plaintiffs* | Telephone: 850-577-9090 |
| | andy.bardos@gray-robinson.com |
| | tim.moore@gray-robinson.com |
| | ashley.lukis@gray-robinson.com |
| | *Attorneys for Defendants* |