United States District Court
Middle District of Florida
Jacksonville Division

CHIANNE D.; C.D., BY AND THROUGH
HER MOTHER AND NEXT FRIEND, CHIANNE D.;
AND A.V., BY AND THROUGH HER MOTHER
AND NEXT FRIEND JENNIFER V.; KIMBER TAYLOR,
AND K.H., BY AND THROUGH HIS MOTHER AND
NEXT FRIEND, KIMBER TAYLOR,

    PLAINTIFFS,

V.                            NO. 3:23-CV-985-MMH-LLL

JASON WEIDA, IN HIS OFFICIAL CAPACITY
AS SECRETARY FOR THE FLORIDA AGENCY
FOR HEALTH CARE ADMINISTRATION, AND
SHEVAUN HARRIS, IN HER OFFICIAL CAPACITY
AS SECRETARY FOR THE FLORIDA DEPARTMENT
OF CHILDREN AND FAMILIES,

    DEFENDANTS.
_____

### Order Granting Plaintiffs' Motion to Compel Production of Documents and Re-Convene Agency Representative Deposition

Before the Court is Plaintiffs' Motion to Compel Production of Documents and to Re-Convene Agency Representative Deposition. Doc. 97. This Court held a hearing on plaintiffs' motion on April 5, 2024. Doc. 111. For the reasons stated on the record at the hearing and below, plaintiffs' motion, doc. 97, is granted.

Plaintiffs initiated this case on August 22, 2023, by filing the complaint, doc. 1, which plaintiffs amended on January 18, 2024, doc, 77. Plaintiffs allege that defendants violated the Due Process Clause of the Fourteenth Amendment and the

Medicaid Act, 42 U.S.C. § 1983a(a)(3). *Id*. As recipients of Medicaid, plaintiffs are challenging the sufficiency of the Florida Department of Children and Families' (DCF) standardized notices[1] and reason codes used to alert Medicaid recipients about their eligibility to receive Medicaid benefits. *Id*. On December 21, 2023, plaintiffs served their First Request for Production[2] (RFP) on defendant, Shevaun Harris, in her official capacity as Secretary for the Florida Department of Children and Families (Defendant Harris). Doc. 97-1.

Defendant Harris provided responses to plaintiffs' RFP on a rolling basis[3] beginning January 29, 2024, ending March 10, 2024. Doc. 97 at 2-3. The parties coordinated multiple Rule 30(b)(6) depositions of representatives from both DCF and the Florida Agency for Health Care Administration (AHCA) to occur March 18, 2024, and March 19, 2024. Fed. R. Civ. P.; doc. 97 at 3-4. This included the deposition of DCF representative Tonyaleah Veltkamp,[4] who testified during her deposition about a 2021 report[5] from an outside vendor, Cambria (Cambria Report). Doc. 97. Ms.

---

[1] The term "NOCA(s)" and "notice" in this order are used interchangeably.

[2] Request for Production No. 3 requests: "All documents that describe changes or planned changes to NOCAs as part of DCF's modernization of the ACCESS Florida System discussed in declaration of Laquetta Anderson." Doc. 97-1 at 10.

[3] Defendant Harris responded to RFP No. 3, the request at issue, stating "DCF will conduct a reasonable search and produce any responsive and non-privileged documents identified by that search." Doc. 97 at 2-3.

[4] Ms. Veltkamp was designated as the deponent for topic 6 for plaintiff's depositions.

[5] At the hearing, defendants argued that Cambria Report is a misnomer because it is not a report, but series of "redlined documents." For the ease of convenience,

Veltkamp testified that DCF hired Cambria to review its practices regarding eligibility notification in anticipation of DCF updating their NOCAs and reason codes, stating the report would be used to "inform" those changes as part of the ACCESS Modernization Project. *Id.* at 13; *see* doc. 97-9 at 165:14-166:18; *see also* doc. 97-9 at 88:3-90:8. Ms. Veltkamp further testified Cambria was hired in anticipation of funding becoming available for ACCESS modernization in 2022, and that the Cambria Report would be used as a "starting point" for considering changes. Doc. 97 at 13; doc. 97-9 at 162:16-163:13; *see* doc. 97-9 at 166:13-18. It was during Ms. Veltkamp's deposition that plaintiffs first learned of the Cambria Report. Doc. 97 at 5.

Immediately following the conclusion of the depositions but before the close of discovery, plaintiffs requested production of the Cambria Report. *Id.* at 8; doc 97-15. During conferral, plaintiffs maintained that the Cambria Report was responsive to RFP No. 3 and should have been produced prior to the deposition. Doc. 97 at 8; doc. 97-15; doc. 106. Defendants argued that, under their interpretation, it was non-responsive to RFP No. 3 and refused to produce it. Doc. 106. This motion to compel followed.

## Analysis

Federal Rule of Civil Procedure 26(b)(1) states that parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Relevant evidence is that which tends to

---

however, the Court will refer to it as a report throughout this order. *See* doc 106 at 2 n.1.

make a fact's existence more or less probable than it would be without that evidence. *Doherty v. Regions Bank*, No. 2:19-cv-145-FtM-29MRM, 2021 WL 2806143, at *2 (M.D. Fla. Mar. 25, 2021).[6] Additionally, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable but must be "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The information requested by a party must be "described with reasonable particularity…." Fed. R. Civ. P. 34(b).

The rules of discovery strongly favor disclosure whenever possible and give the Court wide discretion in disposing of discovery matters. *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985). The rules adopt a liberal approach toward discovery with the aim of ensuring that "civil trials in the federal courts [are] no longer ... carried on in the dark." *Hickman v. Taylor*, 329 U.S. 495, 501 (1947). The rules are intended to provide the parties with all the relevant information they need to resolve the ultimate issues of fact in their case. *Archer v. Factor Tr., Inc.,* No. 8:24-cv-193-JLB-AAS, 2024 WL 1012957, at *1 (M.D. Fla. Mar. 8, 2024).

The question here is whether the Cambria Report should be produced to plaintiffs. *see* 97-9 at 88:3-90:8; *see also* doc. 97-9 at 165:14-166:18. At the outset, the Cambria Report is discoverable information under Rule 26; defendants admitted the relevance of the Report at the hearing. At issue in the case is DCF's use of standard

---

[6] The Court acknowledges and considers that "[u]npublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007) (citation omitted).

notices and reason codes in alerting Medicaid recipients to their eligibility of continuing to receive Medicaid benefits. Doc. 77. As noted in Ms. Veltkamp's deposition, the Cambria Report is the result of a third-party vendor evaluating the sufficiency of DCF's notices and reason codes. Doc. 97-9 at 88:3-90:8; doc. 97-9 at 165:14-166:18. The Cambria Report is likely relevant to whether the notices and reason codes provide sufficient notice to Medicaid recipients, an ultimate issue in this case. Doc. 77.

Defendants have not claimed that the Cambria Report is privileged, but rather that it is non-responsive to plaintiffs' RFP. Doc. 106. In the relevant RFP, plaintiffs requested "[a]ll documents that describe changes or planned changes to NOCAs…." Doc 97-1 at 10. At the hearing, plaintiffs indicated that it worded the RFP in such a way that it would be tailored to documents relevant to the issues at bar, and not an overly broad or burdensome request for all documents. *See* Fed. R. Civ. P. 26(b)(1); doc. 97-1 at 10. Defendants respond that the Cambria Report does not reflect "planned changes" or "changes" as part of DCF's ACCESS modernization because this part of the project will not be decided for several years. The Court finds, however, that defendants' narrow reading of the RFP contradicts Ms. Veltkamp's testimony, doc. 97-9 at 88:3-90:8; doc. 97-9 at 165:14-166:18 and is not in alignment with the discovery principles articulated above. Thus, plaintiffs' motion to compel is granted.

It is **ordered**:
1. Plaintiffs' Motion to Compel Production of Documents and Re-Convene Agency Representative Deposition, doc. 97, is **granted**.

2. Defendant Shevaun Harris, in her official capacity as Secretary for the Department of Children and Families, shall produce the Cambria Report **on or before April 12, 2024**.

3. Plaintiffs Chianne D. et al, shall re-convene the Rule 30(b)(6) deposition of Tonyaleah Veltkamp. The deposition shall be limited to four hours and restricted to topic 6 of plaintiffs' amended notice of taking deposition, doc. 97-8. Considering the April 19, 2024, final pretrial conference and May 13, 2024, trial date, the parties shall make every effort to schedule the deposition as quickly as possible.

**Ordered** in Jacksonville, Florida on April 8, 2024.

LAURA LOTHMAN LAMBERT
United States Magistrate Judge

c:
Amanda Avery, Esquire
Lynn C. Hearn, Esquire
Martha Jane Perkins, Esquire
Miriam Harmatz, Esquire
Miriam Heard, Esquire
Sarah Grusin, Esquire
Katherine DeBriere, Esquire
Andy Bardos, Esquire
Ashley Hoffman Lukis, Esquire
Christopher Claudio Torres, Esquire
James Timothy Moore, Esquire