## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

CHIANNE D., *et al.*,

     Plaintiffs,

                                    Case No. 3:23-cv-00985-MMH-LLL

v.

JASON WEIDA, in his official capacity
as Secretary for the Florida Agency for
Health Care Administration, and
SHEVAUN HARRIS, in her official
capacity as Secretary for the Florida
Department of Children and Families,

     Defendants.

_____/

### DEFENDANTS' TIME-SENSITIVE MOTION FOR
### CONTINUANCE OF TRIAL AND FOR SCHEDULING CONFERENCE

     Defendants have worked diligently and responsibly to complete discovery and prepare for trial. But the current trial date affords insufficient time for the resolution of the complex, threshold issues the parties have briefed (such as class certification) and for Defendants then to prepare effectively for trial once the Court resolves those issues and decides the contours of this litigation. Because the pending issues deserve the Court's deliberate consideration—and because a reasonable time *after* the Court decides those threshold issues is essential to Defendants' ability to prepare for trial—Defendants seek a continuance of the trial scheduled to begin in 26 days. Defendants respectfully request a ruling on this time-sensitive motion by April 24, 2024.

1.     This case is set for a five-day trial beginning on May 13—fewer than four weeks from the date of this Motion. Several critical deadlines are approaching in the coming days and weeks, including the parties' pretrial meeting and exhibit exchange on April 19, the parties' deadline to prepare the joint pretrial statement by April 29, and their deadline to file their pretrial briefs by May 7. The parties are also engaged in preparing their respective cases for trial, including direct and cross examination of witnesses.

2.     The scope of this litigation and of the trial itself is very much in doubt, however. The parties have presented several complex, defining issues, the resolution of which will fundamentally shape the litigation and determine which issues will be decided at trial. Three pending matters in particular will substantially impact these trial-preparation efforts: Plaintiffs' Amended Motion for Class Certification (ECF No. 85), Defendants' Motion to Bifurcate (ECF No. 86), and Defendants' Motion to Dismiss Chianne D. and C.D. (ECF No. 87). These motions present questions that, once resolved, will shape the scope of the trial and the issues to be presented, and dictate Defendants' preparations, including the contents of the joint pretrial statement and pretrial brief, and Defendants' preparation of evidence and witnesses for trial.

3.     This Court's class-certification order will determine whether this case even proceeds as a class action, whether one or both of the proposed subclasses will be certified, how any certified subclass or subclasses will be defined, which reason codes will be encompassed within the certified subclass or subclasses, which of the

two claims set forth in the operative complaint will be tried on a classwide basis, and which of the dozens of issues that Plaintiffs have raised will be subject to classwide resolution. *See* Fed. R. Civ. P. 23(c)(1)(B) ("An order that certifies a class action must define the class and the class claims, issues, or defenses . . . ."). These questions are fundamental to the very nature of this case, the issues involved, and the evidence the parties must present at trial: which witnesses the parties will call, which exhibits and what testimony the parties will offer, how the parties should allocate their finite time in pretrial preparations, and how the case will be presented in the pretrial statement and argued in the parties' trial briefs and opening statements. To effectively prepare for trial and present relevant evidence in an orderly and thoughtful way, Defendants will need a reasonable period of time after the class-certification question is decided.

4.      A trial on the heels of a class-certification order would also conflict with Federal Rule of Civil Procedure 23(c)(1)(A), which requires class certification to be decided at "an early practicable time after a person sues . . . as a class representative." At a bare minimum, this rule calls for some breathing room between the issuance of a class-certification order and trial—more than the few weeks the current schedule allows.

5.      Likewise, a resolution of Defendants' motion to dismiss Chianne's and C.D.'s claims will significantly impact Defendants' trial preparations. Chianne's and C.D.'s uncertain status directly affects critical trial-preparation decisions regarding witnesses, exhibits, and testimony, since their case presents involved, individualized issues relevant to the justiciability of their claims and the certifiability of Subclass B.

6.      Finally, a resolution of Defendants' motion to bifurcate will inform the parties whether the trial will include the question of remedies. Absent bifurcation, Defendants must prepare to present highly technical witness testimony concerning the complexities of the mainframe system that DCF uses to generate notices, and the costs, burdens, and feasibility of particular modifications of that system. If, however, the motion to bifurcate is granted, then Defendants will allocate considerably more time to preparation for and presentation of the liability issues that should precede a remedy determination.

7.      Before these matters are resolved, it is unclear how the parties can even prepare a pretrial statement and pretrial briefs that are focused on the matters to be tried and are helpful to the Court.

8.      As this Court has correctly recognized, this case presents complex legal issues, and the relief that Plaintiffs seek is momentous. The Court has appropriately taken the time necessary to assess these important issues before it makes significant rulings on the three motions identified above. Defendants appreciate the diligence and thoughtfulness with which the Court has approached this case from the outset.

9.      Considering the significant consequences of the outstanding motions and their effect on Defendants' trial preparation and the fast-approaching trial date, Defendants respectfully submit that the Court and Defendants would be well-served by a brief continuance of the trial. A continuance will enable Defendants to prepare for trial in an orderly and well-informed manner, with the full benefit of the Court's rulings on critical questions that will dictate the scope of the issues to be tried, the

nature of Defendants' pretrial submissions, and the presentation of evidence at trial. A trial can still take place well before the October 7 trial date that this Court initially selected upon review of the parties' initial case-management report. *See* ECF No. 45 at 2.[1]

10.    This Court has broad discretion to grant a continuance, and its exercise of that discretion will rarely be disturbed. *Arabian Am. Oil Co. v. Scarfone*, 939 F.2d 1472, 1479 (11th Cir. 1991). Here, there are too many unknowns to permit effective preparation for trial. A brief continuance will afford the Court an opportunity to fully evaluate the pending motions and define the scope of the litigation and the trial. It will also provide Defendants a reasonable opportunity after the Court determines those threshold questions to prepare with certainty and knowledge of the matters to be decided at trial. A continuance will therefore protect Defendants from prejudice.

11.    Defendants have not previously sought a continuance of trial and have not attempted to delay this proceeding. Defendants seek a brief continuance in good faith and not for purposes of delay.

12.    If this Court grants the request for a continuance, then Defendants respectfully request a remote scheduling conference at a time convenient to the Court, during which the parties and the Court can identify a feasible alternative trial date.

---

[1] This Court previously indicated its openness to a continuance if the current schedule afforded insufficient time. *See* ECF No. 96 at 2 & n.1 ("Nevertheless, given the upcoming trial date and the various motions the Court must resolve in advance of trial, the Court cannot accommodate the requested deadline. . . . If Plaintiffs believe they need additional time, they should consider requesting a continuance of the trial date.").

## **Certificate of Conferral and Client Consent**

Pursuant to Local Rule 3.01(g), undersigned counsel conferred with counsel for Plaintiffs on April 16 and 17, 2024. Plaintiffs responded as follows: "Plaintiffs are prepared for trial starting May 13 and oppose the motion."

Pursuant to Local Rule 3.08(b), the undersigned also certifies that its clients consent to the requested continuance.

Dated April 17, 2024.                    Respectfully submitted,


/s/ *Andy Bardos*
Andy Bardos (FBN 822671)
James Timothy Moore, Jr. (FBN 70023)
Ashley H. Lukis (FBN 106391)
GRAYROBINSON, P.A.
301 South Bronough Street, Suite 600
Tallahassee, Florida 32301
Telephone: 850-577-9090
andy.bardos@gray-robinson.com
tim.moore@gray-robinson.com
ashley.lukis@gray-robinson.com
*Attorneys for Defendants*