## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

CHIANNE D., et al.,

       Plaintiffs,

v.                                    Case No. 3:23-cv-00985-MMH-LLL

JASON WEIDA, et al.,

       Defendants.

_____/

### PLAINTIFFS' RESPONSE TO
### DEFENDANTS' TIME-SENSITIVE MOTION FOR
### <u>CONTINUANCE OF TRIAL AND FOR SCHEDULING CONFERENCE</u>

Pursuant to M.D. Loc. R. 3.01(b), Plaintiffs file this response to Defendants' Time-Sensitive Motion for Continuance of Trial and for Scheduling Conference. Defendants' motion to continue this trial date, a date which the Court specifically set on an expedited track upon the full agreement of all parties, should be denied. Defendants fail to articulate a legitimate basis for continuance of the trial date. The requested continuance would severely prejudice Plaintiffs, including those in the putative class, who are suffering ongoing irreparable harm due to Defendants' legally insufficient Medicaid notices.

## I.      Procedural History of the Case

On August 22, 2023, Plaintiffs filed a motion for class certification and

preliminary injunction along with their class action complaint. The motions for class certification and preliminary injunction were ultimately heard by the Court on December 13, 2023.

Notably, the Court concluded the preliminary injunction hearing by ordering the parties to confer about an expedited discovery schedule and an earlier trial date. (Doc. 75, 165:22-23).  In doing so, the Court carefully framed the issues to be tried, including the likelihood of class certification, so that the parties would understand "the scope of discovery that should go forward."  (*Id*. at 165:22-23).

Following a status conference on December 21, 2023, the Court directed the parties to submit an amended Case Management Report with an expedited schedule leading to a trial start date of either April 29, 2024 or May 13, 2024.  (Doc. 65).  The parties complied (Doc. 68), and thereafter the Court entered an Amended Case Management and Scheduling Order with a five (5) day specially set non-jury trial to begin May 13, 2024 (Doc. 72). On January 24, 2024, the Court denied Plaintiffs' preliminary injunction motion on the grounds that "the trial in this case is imminent." (Doc. 80).

Consistent with the scheduling order, the parties have proceeded on an extremely compressed discovery schedule to be prepared for the trial date of May 13, 2024.

On February 29, 2024, Defendants filed a motion to bifurcate. (Doc. 86). On

March 1, 2024, Defendants filed a motion to dismiss the claims of Chianne D. and C.D. (Doc. 87). The pending nature of these two motions, along with Plaintiffs' class certification motion (Doc. 85), form the crux of Defendants' argument that the current trial date should be reset.

## II.    Argument

To determine whether a motion for continuance should be granted, the Court analyzes whether: (1) the movant was diligent "in its efforts to ready its case prior to the…" relevant deadline; (2) the need to continue the deadline will be remedied if the request is granted; (3) a continuance will inconvenience the court and the opposing party, including its witnesses; and (4) the movant may suffer harm if the request is denied. *Hashwani v. Barbar*, 822 F.2d 1038, 1040 (11th Cir. 1987). A district court's "denial of a request for a continuance does not constitute an abuse of discretion unless it 'severely prejudices the moving party.'" *Rink v. Cheminova, Inc.,* 400 F.3d 1286, 1296 (11th Cir. 2005) (cleaned up). Based on these factors, Defendant's request to continue the trial date should be denied.

The first factor weighs in favor of denying Defendants' request. *Cf. Securities and Exchange Commission v. Levin*, 849 F.3d 995, 1005 (11th Cir. 2017) (disregarding the first *Hashwani* factor as irrelevant given the specific facts of the case). Although Plaintiffs do not dispute Defendants' diligence in proceeding through the expedited discovery schedule to which all parties consented, Defendants never

contended that their discovery plan would be affected by the pending motions. Instead, Defendants, like Plaintiffs, framed their discovery requests in anticipation that all issues and claims raised by Plaintiffs' class action complaint would be tried in full.

The fact that the motions for class certification, bifurcation, and dismissal remained pending during the discovery phase had no impact on the manner in which the parties built their cases. Now that discovery is closed, a decision in Defendants' favor on the motions would only slightly narrow the matters to be heard at trial. Conversely, a decision against Defendants would simply preserve the trial issues as they have been presented since the outset of the case. Defendants therefore cannot credibly assert that not knowing the outcome of these motions causes them harm; they must simply proceed in defense of the case as it was filed. *See Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1357 (11th Cir. 2009) (finding that a defendant is not prejudiced by the potential of having to litigate a case); *see also Sherrard v. Macy's Sys. and Tech., Inc.*, 724 Fed. App'x 736, 739 (11th Cir. 2018) (finding that a party was not prejudiced by having to respond to motions and do other litigation-related tasks); *Holmes v. Nat'l R.R. Passenger Corp.*, No. 1:20-cv-00131-LMM, 2021 WL 9624563, at *2 (N.D. Ga. Nov. 8, 2021) (finding that "there is no prejudice to a party in having to litigate a case.").

Regarding the second *Hashwani* factor, Defendants have failed to establish

that their purported need to continue the trial date will be remedied if the request is granted. *Hashwani*, 822 F.2d at 1040; *see also Rink*, 400 F.3d at 1296. In their motion, Defendants do not propose a new trial date, discuss the length of time of time sought between the current trial date and a new one, or indicate how much time is needed to prepare between a decision on the pending motions and a new trial. Instead, Defendants generically characterize their need for continuance as "brief." (Doc. 118 at 5).

Additionally, Defendants have not previously indicated to Plaintiffs' counsel or the Court that, if certain motions were not decided by a specific date, Defendants would be compelled to seek a continuance of the trial date. Thus, rather than being premised on concrete concerns,[1] Defendants' request seems to be based on a preference to do less trial prep and not more. If that is the motivation, there is no guarantee granting this continuance request will remedy future ones. *See Rink*, 400 F.3d at 1296.

The third *Hashwani* factor weighs heavily in favor of denying Defendants' motion. 822 F.2d at 1040; *see also Rink*, 400 F.3d at 1296. Moving the trial date would

---

[1] Even where parties articulated concrete concerns to support a new trial date, courts have properly exercised their discretion in denying the continuance requests. *See e.g. Levin*, 849 F.3d at 1005 (counsel requested continuance of trial due to illness); *Rink*, 400 F.3d at 1291 (continuance requested to remedy lack of causation evidence); and *Romero v. Drummond Co., Inc.*, 552 F.3d 1303, 1319-20 (11th Cir. 2008) (trial continuance requested so that a letter rogatory could be transmitted from a foreign government in concert with obtaining newly discovered evidence).

severely prejudice Plaintiffs, the putative class, and their counsel in a multitude of ways such that this factor, standing alone, supports a denial. *See Levin*, 849 F.3d at 1005 (a ruling on a motion for continuance will not be disturbed unless it is "arbitrary, unreasonable, and severely prejudicial.") (citing *Rink*, 400 F.3d at 1296).

Navigating an expedited discovery schedule to realize a May 13th trial start date, only to have that date extended, is one example of the prejudice Plaintiffs would bear if Defendants' request was granted. Plaintiffs agreed to expedited discovery so a trial on the merits could be held as quickly as possible. While Plaintiffs maintain this agreement was in the best interest of the putative class, an expedited discovery schedule was nonetheless challenging and limited the evidence Plaintiffs were able to obtain. Within a significantly truncated period, Plaintiffs were forced to make decisions about which witnesses were key to depose without the benefit of a full document production or time to thoroughly review what was produced. Defendants' decision to twice amend its interrogatory responses (most recently on January 29, 2024) and its initial disclosures on February 8, 2024, further complicated Plaintiffs' efforts.

To be sure, Plaintiffs are confident they have collected the evidence necessary to prove their case, but if Plaintiffs had had more time for discovery before the trial date, they would have propounded additional written discovery and taken more depositions, including, for example, third-party depositions of

those involved in the Cambria Review. (*See* Doc. 113). Plaintiffs only agreed to the compressed discovery period so they could proceed to trial the week of May 13th to reach an expedited final decision on the merits. To now move the trial date would prejudice Plaintiffs for having made these discovery sacrifices.

Plaintiffs' counsel would also be prejudiced because their trial preparation is well underway. Plaintiffs have confirmed witness availability, booked flights, reserved hotel rooms, exchanged exhibits, sent defense counsel draft pretrial stipulations, and are finalizing trial exhibits, including printing and labeling hundreds of pages of hard copy documents. Plaintiffs' counsel are not partners in a large private law firm being paid hourly by Florida state agencies. Plaintiffs are represented by nonprofit law firms who daily assess how to most efficiently allocate limited resources to best serve their clients. It would prejudice Plaintiffs and their counsel if the trial date is moved and these activities need to be repeated.

Most importantly, however, is the prejudice a delay would have on the Plaintiff class. Plaintiffs diligently sought preliminary relief because of the ongoing harm to the class resulting from Defendants' insufficient Medicaid notices. The Court denied the motion on the basis that "the trial in this case is imminent." (Doc. 80). Moving the trial date that served as a basis for denying the motion for preliminary injunction would be grossly unjust and would result in the continued infliction of irreparable harm on the putative class.

7

It may also be that a continuance would prejudice the Court. The Court spent significant time working with the parties to reach an agreed upon trial date. Presumably, the Court has organized its calendar around an entire week being subsumed by this trial. When the Court scheduled the trial, it did so in light of a pending class certification motion and the potential for the filing of dispositive motions, like a motion to dismiss and other pretrial motions, like a motion to bifurcate. Asking the Court to now undertake the effort to rearrange its calendar so Defendants can more easily prepare for trial is not warranted on this record.

Regarding the fourth factor, unlike Plaintiffs (and the Court), Defendants would suffer no harm if the request is denied. *See Rink*, 400 F.3d at 1296. As stated above, Defendants cannot articulate prejudice or harm when the Court denies a continuance that simply results in them having to litigate a fuller case. *See Conn. State Dental Ass'n*, 591 F.3d at 1357; *see also Sherrard*, 724 Fed. App'x at 739; *Holmes*, 2021 WL 9624563 at *2. This is particularly true because Defendants had the benefit of the Court framing the issues for them at the preliminary injunction hearing.

More specifically, the Court's decisions on the three pending motions that Defendants assert prevent them from adequately preparing for trial will not actually narrow the issues to be heard at trial. Plaintiffs bring class under Federal Rule of Civil Procedure 23(b)(2), and as such, have asserted Defendants acted on grounds that "apply generally to the class, so that…relief is appropriate respecting

the class as a whole." While class is necessary, whether uniform aspects of Defendants' Medicaid notices violate federal law as to the individual Plaintiffs — as opposed to the class as a whole — will not require appreciably different proof.

Regarding the motion to dismiss, regardless of the outcome, Plaintiffs will still present evidence related to Chianne D. and C.D. to show the impact of the confusing notices and articulate the elements necessary to make notices sufficient.

As to the motion to bifurcate, as stated in Plaintiffs' response (Doc. 103), motions to bifurcate are "not to be routinely ordered." *Brown v. Toscano*, 630 F. Supp. 2d 1342, 1345 (S.D. Fla. 2008). Because they are rare — and rarer still in bench trials — Defendants cannot claim that they are unable to prepare for and present a defense at trial without a ruling on this motion.

## III.    Conclusion

Defendants have failed to establish that they have a legitimate need for a continuance of the trial date and, even if they had articulated such a need, the severe prejudice to Plaintiffs in granting Defendants' request necessitates denial of their motion. Accordingly, Plaintiffs respectfully request that Defendants' Time-Sensitive Motion for Continuance of Trial and for Scheduling Conference be denied and the parties abide by the Court's Amended Case Management and Scheduling Order (Doc. 72) including beginning a 5-day trial on May 13, 2024.

Dated: April 22, 2024                Respectfully Submitted,

                                     */s/Katy DeBriere*

**NATIONAL HEALTH LAW PROGRAM**      **FLORIDA HEALTH JUSTICE PROJECT**

Sarah Grusin (admitted *pro hac vice*)      Katy DeBriere (FL Bar No. 58506)
Jane Perkins (admitted *pro hac vice*)      Miriam Harmatz (FL Bar No. 562017)
Miriam Heard (admitted *pro hac vice*)      Lynn Hearn (FL Bar No. 123633)
Amanda Avery (admitted *pro hac vice*)      Ronnie Graham (FL Bar No. 1032153)
                                            Jerron Wheeler (FL Bar No. 1032240)

1512 E. Franklin Street, Suite 110      3900 Richmond St.
Chapel Hill, NC 27541                   Jacksonville, FL 32205
(919) 968-6308                          (352) 496-5419

grusin@healthlaw.org                    debriere@floridahealthjustice.org
perkins@healthlaw.org                   harmatz@floridahealthjustice.org
heard@healthlaw.org                     hearn@floridahealthjustice.org
avery@healthlaw.org                     graham@floridahealthjustice.org
                                        wheeler@floridahealthjustice.org