**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CHIANNE D.; C.D., by and through
her mother and next friend, Chianne D.;
A.V., by and through her mother
and next friend, Jennifer V.; KIMBER
TAYLOR; and K.H., by and through his
mother and next friend, Kimber Taylor,

                Plaintiffs,

-vs-                                                  Case No. 3:23-cv-985-MMH-LLL

JASON WEIDA, in his official
capacity as Secretary for the FLORIDA
AGENCY FOR HEALTH CARE
ADMINISTRATION, and SHEVAUN
HARRIS, in her official capacity as
Secretary for the FLORIDA
DEPARTMENT OF CHILDREN
AND FAMILIES,

                Defendants.
_____/

**O R D E R**

**THIS CAUSE** is before the Court on Defendants' Motion to Bifurcate (Doc. 86; Motion), filed on February 29, 2024. In the Motion, Defendants ask the Court to bifurcate the liability and remedy phases of this litigation pursuant to Rule 42(b), Federal Rules of Civil Procedure (Rule(s)). Significantly, this case is currently set for a bench trial beginning on May 13, 2024. See Order Scheduling Bench Trial (Doc. 114), entered April 12, 2014. Defendants ask the

Court to limit the May trial to the issue of liability, and then, if necessary, "conduct a remedy phase to evaluate potential injunctive remedies tailored to any specific deficiencies identified by the Court." See Motion at 1. Plaintiffs filed a response in opposition to the Motion on March 29, 2024. See Plaintiffs' Response to Defendants' Motion to Bifurcate (Doc. 103; Response). Accordingly, this matter is ripe for review.

## I. Summary of the Arguments

The Court presumes the reader's familiarity with the factual background and issues in this case. In the Motion, Defendants argue that Plaintiffs assert an increasing "number of grievances" concerning the termination notices at issue in this lawsuit. See Motion at 3. According to Defendants, this list is "still-evolving and continually expanding" such that it is difficult to "fully assess the costs, burdens, and feasibility of all system changes that might resolve an item on Plaintiffs' lengthy list of purported grievances." See id. at 4. Defendants assert that the State of Florida's notice system is highly complex and changes to the system may be difficult and expensive. Id. at 5. As such, Defendants contend that the Court will need information on "the costs, burdens, and feasibility of potential remedies" in order to properly frame any injunctive relief. Id. at 4. And Defendants maintain that the parties' and the Court's resources "would be wasted by presenting trial evidence on the scope and impacts of remedies designed to address perhaps dozens of issues on which the

Court ultimately does not find liability." Id.  Defendants also contend that bifurcation will "streamline the May trial" and potentially "open a door to mediation and settlement once the Court's determination of liability is known . . . ." Id. at 7.

Plaintiffs oppose the Motion and argue that "Defendants have failed to meet their burden of demonstrating that separate trials are warranted in this case . . . ." See Response at 1.  In the Response, Plaintiffs first address the relevant factors and assert that these factors weigh against bifurcation. Specifically, Plaintiffs contend that bifurcation will not promote judicial economy in that it will necessitate two trials, including separate pre-trial and post-trial submissions, and separate judicial decisions. Id. at 5.  For the same reason, Plaintiffs assert that considerations of convenience also do not support bifurcation as "[i]t is not more convenient for anyone (the parties, the witnesses, or the Court) to have two trials instead of one." Id. at 7.  In addition, Plaintiffs maintain that bifurcation will cause prejudice to Plaintiffs and the class members as it would unnecessarily delay "Plaintiffs' opportunity for effective injunctive relief . . . ." Id. at 8.  And, Plaintiffs argue that they will suffer prejudice from the additional attorneys' fees and litigation costs generated by a second trial. Id. at 9.  Plaintiffs also contend that bifurcation is not warranted because there is no risk of juror confusion here, discovery is complete and was directed toward a single trial on all issues, and the issues of liability and remedy

substantially overlap such that bifurcation would result in duplication of witnesses and evidence.  Id. at 9-10.  With respect to the possibility of settlement, Plaintiffs note that although Defendants posit that bifurcation may facilitate settlement after the liability phase is resolved, Defendants do not suggest that bifurcation will lead to pretrial settlement.  Id. at 10-11.

Next, Plaintiffs address Defendants' specific arguments and reject the assertion that Defendants have had difficulty understanding the relief Plaintiffs seek in this action.  Plaintiffs maintain that the amended proposed order, with sample proposed notices, which Plaintiffs filed on the record in December, clarifies the specific relief they seek in this case.  Id. at 11-12 (citing Amended Proposed Order on Plaintiffs' Motion for a Classwide Preliminary Injunction (Doc. 69), filed on December 29, 2023).  In addition, Plaintiffs maintain that "[e]vidence relevant to whether an injunction is necessary and warranted in this case will also necessarily shape the Court's determination of the appropriate scope and terms of any injunction entered," such that separate consideration of this evidence is not warranted.  Id. at 12.

## II. Applicable Law

Federal Rule of Civil Procedure 42(b) states, in part, that a court "may order a separate trial of one or more separate issues" for "convenience, to avoid prejudice, or to expedite and economize."  Fed. R. Civ. P. 42(b).  Courts within the Eleventh Circuit have held that Rule 42(b) "confers broad discretion on the

district court." Krug v. Celebrity Cruises, Inc., No. 16-22810-Civ-Scola, 2017 WL 5640729, at *1 (S.D. Fla. Apr. 13, 2017) (quoting Harrington v. Cleburne Cnty. Bd. of Educ., 251 F.3d 935, 938 (11th Cir. 2001)); see also McKenzie v. U.S. Tennis Ass'n Inc., No. 6:22-cv-615-PGB-LHP, 2022 WL 19336464, at *2 (M.D. Fla. Aug. 18, 2022) ("The determination of whether to bifurcate is left to the sound discretion of the Court.").

As a general matter, courts prefer one trial and "bifurcation is not the usual course that should be followed." See McKenzie, 2022 WL 19336464, at *1; see also Bandsuch v. Werner Enters., Inc., No. 2:05-cv-305-FtM-34SPC, 2007 WL 9706002, at *1 (M.D. Fla. Dec. 20, 2007) ("[B]ifurcation is not routinely granted."). When evaluating whether bifurcation is proper, courts look to the following factors:

> (1) convenience; (2) prejudice; (3) expedition; (4) economy; (5) whether the issues sought to be tried separately are significantly different; (6) whether they are triable by jury or the court; (7) whether discovery has been directed to a single trial of all issues; (8) whether the evidence required for each issue is substantially different; (9) whether one party would gain some unfair advantage from separate trials; (10) whether a single trial of all issues would create the potential for jury bias or confusion; and (11) whether bifurcation would enhance or reduce the possibility of a pretrial settlement.

Wyndham Vacation Ownership, Inc. v. Bluhm, No. 6:19-cv-2300-WWB-LHP, 2022 WL 18492537, at *1 (M.D. Fla. Mar. 1, 2022) (quoting Medtronic Xomed, Inc. v. Gyrus ENT LLC, 440 F. Supp. 2d 1333, 1334 n.2 (M.D. Fla. 2006)). The

predominant consideration, however, is "a fair and impartial trial to all litigants through a balance of benefit and prejudice." <u>Kremer v. Lysich</u>, No. 3:19-cv-887-BJD-JBT, 2022 WL 18358957, at *1 (M.D. Fla. June 27, 2022) (quoting <u>Medtronic Xomed, Inc.</u>, 440 F. Supp. 2d at 1334). The party seeking bifurcation bears the burden of demonstrating that bifurcation serves these purposes. See <u>Wyndham Vacation Ownership, Inc.</u>, 2022 WL 18492537, at *1.

## III. Discussion

Upon review, the Court finds that the Motion is due to be denied. As to the relevant factors, Defendants do not argue and have not shown that bifurcation will promote the interests of convenience, expedition, and economy. These factors all weigh heavily against bifurcation as two bench trials instead of one will not be more convenient for anyone, will delay the final resolution of this case, and will drastically increase the judicial resources necessary to resolve the matter. In addition, bifurcation will substantially increase the attorneys' fees and litigation costs to the parties. Likewise, the delay in reaching a final resolution of the case and the increased fees and costs from two trials is undoubtedly prejudicial to Plaintiffs, whereas proceeding with the trial as scheduled will not prejudice Defendants as that has been the expectation in this case from the outset.[1] And plainly, there is no risk of juror bias or

---

[1] The Court wholly rejects the suggestion that the case could still be concluded before the September trial term if bifurcated given the demands of the Court's docket and trial

confusion in a bench trial. The Court is also persuaded that bifurcation will lead to duplication of evidence and witnesses. Indeed, Defendants have not shown that the evidence relevant to each issue is substantially different. As to the last factor, the Court is convinced that bifurcation would only reduce the possibility of a <u>pretrial</u> settlement. Defendants do not argue otherwise, suggesting only that a finding in Plaintiffs' favor on liability might "open the door to mediation and settlement . . . ." <u>See</u> Motion at 7. Thus, the relevant factors weigh heavily against bifurcation.

To the extent Defendants argue that the Court will benefit from a separate presentation, after liability is resolved, on the costs and feasibility of potential remedies, if any are warranted, the Court is not persuaded. It is the Court's preference to hear all of the evidence prior to issuing a final decision on the merits in this case. Moreover, Defendants' concerns regarding the scope of Plaintiffs' claims are largely ameliorated by the Court's recent class certification Order (Doc. 122) which narrowed the issues in the case. In light of the foregoing, it is

---

calendar. And noticeably absent from Defendants' Motion is any suggestion that, if bifurcation is granted and the Court finds in Plaintiffs' favor on liability, Defendants would agree to stop terminations during the remedial phase pending entry of the final injunction.

**ORDERED:**

Defendants' Motion to Bifurcate (Doc. 86) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida this 25th day of April, 2024.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record