IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHIANNE D., *et al.*,

    Plaintiffs,

v.

JASON WEIDA, in his official capacity as Secretary for the Florida Agency for Health Care Administration, and SHEVAUN HARRIS, in her official capacity as Secretary for the Florida Department of Children and Families,

    Defendants.
_____/

Case No. 3:23-cv-00985-MMH-LLL

**PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE
AS TO GOVERNMENTAL ACTIONS, POLICIES, AND REPORTS**

    Pursuant to Federal Rule of Evidence 201, Plaintiffs respectfully request that this Court take judicial notice of the governmental actions, policies, and reports, described below, and attached as exhibits hereto, which document Defendants' understanding of their Medicaid termination notices over the years as well as actions other states have taken in response to remedying insufficient Medicaid termination notices.

(1) *Medicaid Eligibility, Enrollment, and Renewal Processes and Systems Study*, MACPAC, filed as **Pl. Trial Ex. 238** (AHCA-002057) (SHADAC Report).

(2) Oregon Health Authority, Renewal data shows 5 out of 6 Oregonians keeping medical benefits (Nov. 22, 2023), filed as **Pl. Trial Ex. 240.**

(3) Oregon Supplemental Income Program Medical (OSIPM) Restorations (updated Nov. 21, 2023), filed as **Pl. Trial Ex. 241.**

(4) Arizona Department of Economic Security (DES), Important Information About Your Appeal Rights, filed as **Pl. Trial Ex. 242.**

## MEMORANDUM OF LAW

Federal Rule of Evidence 201 allows this Court to take judicial notice of adjudicative facts that cannot reasonably be disputed and are subject to ready proof. Specifically, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Court is required to take judicial notice upon Plaintiffs' request where, as here, the Court "is supplied with the necessary information." Fed. R. Evid. 201(c).

Where the requirements of Fed. R. Evid. 201(b)(2) are met, a court may take judicial notice of various governmental actions, including matters of agency reports and public records. *Cash Inn of Dade, Inc. v. Metropolitan Dade Cty.*, 938 F.2d

1239, 1243 (11th Cir. 1991) (allowing judicial notice of unsworn community member statements contained in the minutes of a county commission meeting); *Terrebonne v. Blackburn*, 646 F.2d 997, 1000 n. 4 (5th Cir. 1981) ("Absent some reason for mistrust, courts have not hesitated to take judicial notice of agency records and reports"); *Brooks v. United States*, 273 F. Supp. 619, 624 (D.S.C. 1967) (judicial notice of adjudicative facts is proper when "taken from official governmental reports"). Facts and documents found on government websites are also proper subjects for judicial notice. *See Markland v. Insys Therapeutics, Inc.*, 270 F.Supp.3d 1318, 1321 n. 3 (M.D. Fla. 2017) (taking judicial notice of documents found on the U.S. Food and Drug Administration's website)*; Chapman v. Abbott Laboratories*, 930 F.Supp.2d 1321, 1323 (M.D. Fla. 2013) (same).

The exhibits Plaintiffs propose for judicial notice are relevant to this proceeding. Plaintiffs assert Defendants are terminating hundreds of thousands of Floridians from Medicaid coverage without providing adequate individualized written notice as the Constitution and Medicaid Act require. The adjudicative facts contained within the governmental reports and records referenced above are relevant to Plaintiffs' claim. Specifically, the SHADAC report at Pl. Trial Ex. 238 establishes that Defendants have been aware of the insufficiency of Medicaid termination notices for years, including an acknowledgement that "notices that describe applicants as ineligible are considered to be not sufficiently explicit in terms of an

3

explanation." *Id.* at AHCA-2071-72. And, the records from Oregon and Arizona at Pl. Trial Ex. 240-42 reflect that other states have taken specific actions during the "unwinding," including sending corrective notice and reinstating Medicaid coverage, to remedy their own insufficient Medicaid termination notices.

In addition to being relevant, these governmental records and reports also "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Regarding the SHADAC report, it was produced on behalf of the Medicaid and CHIP Payment and ACCESS Commission (MACPAC), which is a "is a non-partisan legislative branch agency that provides policy and data analysis and makes recommendations to Congress, the Secretary of the U.S. Department of Health and Human Services, and the states on a wide array of issues affecting Medicaid and the State Children's Health Insurance Program (CHIP)."[1] Plaintiffs' counsel initially obtained this document through a public records request and it was later disclosed by Secretary Weida of the Agency for Health Care Administration in response to Plaintiffs' request for production served as part of this litigation. A copy of this document is available on MACPAC's website.[2]

---

[1] "About MACPAC," https://www.macpac.gov/about-macpac/ (last visited May 3, 2024).

[2] "Medicaid Eligibility, Enrollment, and Renewal Processes and Systems Study," prepared for MACPAC by the State Health Access Data Assistant Center, Division of Health Policy &

4

The source of both Pls. Trial Ex. 240 & 241 is the Oregon Health Authority. Pls. Trial Ex. 240 is an email that was sent from an Oregon government email address. While Plaintiffs were unsuccessful in obtaining a live link to the original email, a replica email [3] can be found on GovDelivery, a web-based e-mail subscription management system that partners with government organizations to allow members of the public to subscribe to their news and information. GovDelivery can reasonably be trusted to contain verifiable government information evidenced by its use by federal agencies such as the Department of Homeland Security, Department of the Interior, and the Federal Trade Commission.[4] Further, Pls. Trial Ex. 241 was issued on official Oregon state letterhead (which includes the state seal) and lists the state agency's web address, all of which can be verified on a

---

Management, University of Minnesota, School of Public Health (Oct. 19, 2018), https://www.macpac.gov/publication/eligibility-enrollment-and-renewal-florida-case-study-findings/ (last visited May 3, 2024).

[3] Oregon Health Authority, *Renewal data shows 5 out of 6 Oregonians keeping medical benefits; Oregon in top three states protecting medical benefits*, https://content.govdelivery.com/accounts/ORHA/bulletins/37c69a1 (last visited May 2, 2024).

[4] Department of Homeland Security, *GovDelivery Privacy and Notice*, https://www.dhs.gov/govdelivery-privacy-policy-and-notice (last visited May 2, 2024); U.S. Department of the Interior, *Privacy Impact Assessment*, https://www.doi.gov/sites/doi.gov/files/govdelivery-pia-09.17.2021.pdf (last visited May 2, 2024); Federal Trade Commission, https://www.ftc.gov/system/files/attachments/privacy-impact-assessments/govdelivery_pia_jan_2018.pdf (last visited May 2, 2024).

governmental website where a copy of the document is readily available.[5] Similarly, Pls. Trial Ex. 242 was issued on Arizona state letterhead (which also includes the state seal). Because the accuracy of these governmental sources cannot be reasonably questioned, judicial notice of the records obtained from these sources is proper. *See Cash Inn of Dade, Inc.*, 938 F.2d at 1243.

## CONCLUSION

Wherefore, based on the foregoing, Plaintiffs respectfully request that this Court take judicial notice of the above exhibits pursuant to Federal Rule of Evidence 201(b).

## CERTIFICATE OF SATISFACTION OF ATTORNEY-CONFERENCE REQUIREMENT

Pursuant to Local Rule 3.01(g), counsel for Plaintiffs and counsel for Defendants conferred regarding the instant motion on May 2, 2024. Defendants indicated they do not consent to the relief requested herein.

Dated: May 3, 2024

Respectfully Submitted,

**Florida Health Justice Project**           **National Health Law Program**

*/s/Katy DeBriere*

---

[5] Oregon Health Authority, *Oregon Supplemental Income Program Medical (OSIPM) Restorations*, https://www.oregon.gov/oha/PHE/Documents/OSIPM-Restorations.pdf (last visited May 2, 2024).

**Katy DeBriere** (Fl. Bar No. 58506)
3900 Richmond Street
Jacksonville, FL 32205
(352) 496-5419
debriere@floridahealthjustice.org

**Miriam Harmatz** (Fl. Bar No. 562017)
3793 Irvington Ave.
Miami, FL 33133
(786) 853-9385
harmatz@floridahealthjustice.org

**Lynn Hearn** (Fl. Bar No. 123633)
3606 Dexter Dr.
Tallahassee, FL 32312
(754) 231-0106
hearn@floridahealthjustice.org

**Jerron Wheeler** (Fl. Bar No. 1032240)
2427 Tequesta Lane
Miami, FL 33133
904-566-3666
wheeler@floridahealthjustice.org

**Ronnie Graham** (Fl. Bar. No. 1032153)
2427 Tequesta Lane
Miami, FL 33133
850-273-1651
graham@floridahealthjustice.org

**Sarah Grusin**\*\*
**Miriam Heard**\*\*
**Amanda Avery**\*\*
**Jane Perkins**\*\*
1512 E. Franklin Street, Suite 110
Chapel Hill, NC 27541
(919) 968-6308
grusin@healthlaw.org
heard@healthlaw.org
avery@healthlaw.org
perkins@healthlaw.org

\*\* *Admitted pro hac vice.*