IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHIANNE D., *et al.*,

    Plaintiffs,

v.

JASON WEIDA, in his official capacity as Secretary for the Florida Agency for Health Care Administration, and SHEVAUN HARRIS, in her official capacity as Secretary for the Florida Department of Children and Families,

    Defendants.
_____/

Case No. 3:23-cv-00985-MMH-LLL

## DEFENDANTS' RESPONSE TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE

Defendants respectfully request that this Court deny Plaintiffs' Request for Judicial Notice, ECF No. 129 (the "Request").

Plaintiffs request this Court take judicial notice of four of their exhibits. The first is Plaintiffs' Exhibit 238, a report entitled "Medicaid Eligibility, Enrollment, and Renewal Processes and Systems Study" (the "SHADAC Report"). ECF No. 129 at 2. The remaining exhibits—240, 241, and 242—are documents from Oregon and Arizona describing those States' voluntary actions during the Medicaid unwinding period. *Id*. This Court should decline to take judicial notice of all four documents.

I. **Plaintiffs' Exhibit 238.**

Plaintiffs' Request regarding the SHADAC Report is legally insufficient for several reasons: First, the SHADAC Report is not a government record; second, the Request does not state specific facts that Plaintiffs desire this Court to take notice of; and third, Plaintiffs asks this Court to judicially notice inadmissible hearsay statements contained within the SHADAC Report for the truth of the matters they assert.

    a. **The SHADAC Report is Not a Government Record Subject to Judicial Notice.**

Plaintiffs suggest that the SHADAC Report is a judicially noticeable record of the federal Medicaid and CHIP Payment and Access Commission (MACPAC). In fact, while MACPAC funded the work, the project was conducted by a research arm of the University of Minnesota, and the report expressly states that the "findings, statements, and views expressed are those of the authors and do not necessarily represent those of MACPAC." Pls.' Ex. 238 at ii. The report is not judicially noticeable merely because it was publicly funded and is available on MACPAC's website.

Federal Rule of Evidence 201 permits a court to "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Facts contained in some public documents are judicially noticeable because they appear in sources whose accuracy cannot reasonably be questioned. *See, e.g.*, *Murakami v. United States*, 46 Fed. Cl. 731, 739 (2000) ("To be sure,

some government documents are subject to judicial notice (albeit under certain limited conditions) on the ground that information contained therein is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." (internal marks omitted)). And while the "mere existence of a formal government report" might sometimes be a proper fact for judicial notice, a request "to take judicial notice of a wide range of factual statements, some of which undoubtedly are reasonably contestable and all of which ordinarily would be subject to more rigorous evidentiary requirements and verification," goes too far. *See Murakami*, 46 Fed. Cl. at 739; *cf. United States v. Bonds*, 12 F.3d 540, 553 (6th Cir. 1993) ("Federal Rule 201 permits a court to take judicial notice only of facts 'not subject to reasonable dispute.' . . . There is no dispute that the NRC Report exists, but there is considerable dispute over the significance of its contents.").

Plaintiffs contend that the facts contained in the SHADAC Report are subject to judicial notice because the SHADAC Report is a "governmental report[]." ECF No. 129 at 3. But the SHADAC Report describes itself as a "Case Study Summary Report" created by the "State Health Access Data Assistance Center (SHADAC) at the University of Minnesota, School of Public Health," Pls.' Ex. 238 at ii, 1. SHADAC—a research center and think-tank housed within the University of Minnesota—authored the report, while MACPAC (a federal legislative entity) merely funded it "through a contract," Pls.' Ex. 238 at ii. MACPAC did not conduct the project or even endorse its contents and findings. In fact, the report itself explicitly states: "The findings, statements, and views expressed are those of the authors,

3

and *do not necessarily represent those of MACPAC*." *Id*. (emphasis supplied). The report is not, therefore, a source whose accuracy cannot reasonably be questioned.

Also incorrect is Plaintiffs' suggestion that any "[f]acts and documents found on government websites are also proper subjects for judicial notice." ECF No. 129 at 3. Plaintiffs cite *Markland v. Insys Therapeutics, Inc.*, 270 F. Supp. 3d 1318, 1321 n. 3 (M.D. Fla. 2017), but in that case, the court only took judicial notice of documents that appeared "to be Federal Drug Administration (FDA) records"—*i.e.*, government records—"available to the public on the FDA or National Institute of Health websites." *Markland*, 270 F. Supp. 3d at 1321 n.3 (emphasis added). Here, Plaintiffs appear to contend that any records *posted* on government websites are automatically turned into government records subject to judicial notice—even if the record expressly states that the "findings, statements, and views" it contains are *not* those of the government agency. Pls.' Ex. 238 at ii. A fact is not indisputable merely because it appears on the internet—or even a government website. *Varner v. Domestic Corp.*, No. 16-22482-CIV, 2017 WL 3730618, at *3 (S.D. Fla. Feb. 7, 2017) (explaining that the mere posting of a document on a government's website does not transform the document into a source whose accuracy cannot reasonably be questioned).

### b. Plaintiffs Fail to Identify Specific Facts of Which This Court Should Take Judicial Notice.

Plaintiffs' Request should also be denied because it asks this Court to take judicial notice of the entire SHADAC Report, rather than specific facts within the

4

report. A party seeking judicial notice must point out for the court what "specific facts" they want the court to judicially notice. *Couch v. Broward County*, No. 11-62126-CIV, 2012 WL 2007148, at *1 (S.D. Fla. June 5, 2012); *see Colonial Leasing Co. of New England, Inc. v. Logistics Control Group Int'l*, 762 F.2d 454, 459 (5th Cir. 1985) ("The identity of the adjudicative fact of which the court intends to take notice is, of course, the threshold issue in examining the propriety of judicial notice."). Further, it is axiomatic that judicial notice must pertain to facts, not opinions. *See, e.g.*, *L.R. v. Cigna Health & Life Ins. Co.*, No. 6:22-CV-01819-RBD-DCI, 2023 WL 3479064, at *2 (M.D. Fla. May 16, 2023). (refusing to take judicial notice of statements in an article that presented "matters of opinion" and did not state the typical "things" courts take judicial notice of). "For example, the kinds of things about which courts ordinarily take judicial notice are (1) scientific facts: for instance, when does the sun rise or set; (2) matters of geography: for instance, what are the boundaries of a state; or (3) matters of political history: for instance, who was president in 1958." *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997) (en banc). As the en-banc Eleventh Circuit observed, "the taking of judicial notice of facts is, as a matter of evidence law, a highly limited process. The reason for this caution is that the taking of judicial notice bypasses the safeguards which are involved with the usual process of proving facts by competent evidence in district court." *Id*.

Here, Plaintiffs request this Court take judicial notice of the entire SHADAC Report. That is improper. The SHADAC Report is replete with unsourced and fairly

5

disputable assertions of fact and opinion. The findings, statements, and views that it contains are dissimilar to such facts as "who was president in 1958." *Id.* Plaintiffs were obligated to point out the specific facts they desire this Court to judicially notice, but failed to do so. *See Couch*, 2012 WL 2007148, at *1. Plaintiffs' inferences from the report, or the conclusions that they would like the Court to draw from the report, *see* ECF No. 129 at 3, are not facts at all, and not proper subjects of judicial notice.

### c. Plaintiffs Offer the Statements Within the SHADAC Report for the Truth of the Matter Asserted.

"A court can take judicial notice of a fact only when the fact is so indisputably true that requiring a party to present evidence at trial to establish that fact would be a waste of time." *Puskala v. Koss Corp.*, 799 F. Supp. 2d 941, 956 (E.D. Wis. 2011). Thus, judicial notice of a fact is appropriate if "only an unreasonable person" would dispute it. *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994). This high bar is a direct result of the harsh effect of judicial notice, which "is to preclude a party from introducing contrary evidence and in effect, directing a verdict against him as to the fact noticed." *Id.*

While the *existence* of some government documents are subject to judicial notice, *see supra* Part I.a., courts should not take judicial notice of all facts and hearsay contained in them. Instead, courts "take judicial notice of government records for the fact that they exist or contain certain information and not for the truth of the facts asserted within them." *Pietrantoni v. Corcept Therapeutics Inc.*, 640

6

F. Supp. 3d 197, 205 (D. Mass. 2022); *see also Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997) (denying judicial notice of newspaper articles reporting former attorney general admitted to an affair in part because the court was "not asked merely to take judicial notice of the fact that the media has reported 'X' or the fact that a press release says 'X' [but was] asked to know 'X'"). This same rule applies to non-government records as well. *See Puskala*, 799 F. Supp. 2d at 955 (denying plaintiff's request for judicial notice of magazine and newspaper articles offered for the truth of the matters asserted therein); *Cigna*, 2023 WL 3479064, at *2 (finding it improper to judicially notice an article so that the plaintiff could "rely on statements within" as established facts); *Osterback v. Scott*, No. 4:16-cv-00105-MW/CAS, 2016 WL 11475136, at *2 (N.D. Fla. July 25, 2016), *report and recommendation adopted in part*, No. 4:16CV105-MW/CAS, 2016 WL 4445255 (N.D. Fla. Aug. 18, 2016) ("Courts may take judicial notice of newspaper articles for the limited purpose of noting statements within the article, but 'not to determine the truth of matters asserted in the' article." (internal marks omitted)); *Howe v. City of Enterprise*, No. 1:15-cv-00113-JA-SRW, 2018 WL 8545947, at *9 (M.D. Ala. Sept. 17, 2018), *report and recommendation adopted*, No. 1:15-cv-00113-ECM, 2019 WL 8723922 (M.D. Ala. Mar. 12, 2019) ("While a court may take judicial notice of a public record, it may not do so for the truth of the facts recited therein.").

Plaintiffs ask this Court to take judicial notice of the *entire* SHADAC Report, particularly statements—including anonymous quotes—regarding the sufficiency of Defendant's notices. To the extent Plaintiffs offer these statements to establish

7

that those notices cause confusion, they offer the report for the truth of the matter asserted by purported anonymous sources interviewed by the SHADAC Report's authors. Rule 201 does not offer a path around the hearsay rule. *See Turbyfill v. Scottsdale Indem. Co.*, No. 3:14-cv-00283-RV/EMT, 2016 WL 741657, at *2 (N.D. Fla. Feb. 24, 2016) (explaining that judicial notice does not cure a hearsay objection). And if Plaintiffs offer the report to prove that "Defendants have been aware of the insufficiency of Medicaid termination notices for years," ECF No. 129 at 3, then the document is irrelevant, since awareness is not an element that Plaintiffs must prove, nor does the report address the specific issues that this Court's class-certification order identified.

## II. Plaintiffs' Exhibits 240, 241, and 242.

This Court should also decline to take judicial notice of Plaintiffs' Exhibits 240, 241, and 242—the Out-of-State Publications—because they are not relevant. Courts cannot not take judicial notice of irrelevant materials. *Gisclair v. Galliano Marine Serv.*, No. 05-cv-5223, 2007 WL 1238902, at *2 (E.D. La. Apr. 2007) ("[I]t is generally agreed that courts may not take judicial notice of irrelevant facts . . . ."); *see also Hargis v. Access Capital Funding, LLC*, 674 F.3d 783, 793 (8th Cir. 2012) ("Courts are not required to take judicial notice of irrelevant materials."); *Couch*, 2012 WL 2007148, at *1 (denying plaintiff's petitions for judicial notice because they had "no relevance to the instant action"). Further, plaintiffs must establish the purpose for which they will use judicially noticed documents. *See Couch*, 2012 WL 2007148, at *1.

8

Plaintiffs merely point out that the Out-of-State Publications show that both Oregon and Arizona have taken certain voluntary actions during unwinding, ECF No. 129 at 4, but they do not bridge the gap between those facts and this case. At an early stage of this litigation, the Court inquired whether the State could voluntarily pause redeterminations. At this stage, the question is not whether the State may voluntarily pause redeterminations (with or without federal approval, which might or might not be granted). That Oregon and Arizona have done so has no relevance to whether Florida's notices comply with due process and the Medicaid Act.

Moreover, as with the SHADAC Report, Plaintiffs have failed to identify with specificity the facts within the Out-of-State Publications that this Court should judicially notice. Plaintiffs do not simply ask this Court to notice the existence of these publications. Rather, they offer the entirety of the Out-of-State Publications and all factual assertions contained in them for the truth of the matter asserted. This request exceeds the permissible bounds of judicial notice for the reasons set forth above.

## Conclusion

Defendants respectfully request that this Court deny Plaintiffs' Request for Judicial Notice, ECF No. 129.

Respectfully submitted,

/s/ *Andy Bardos*
Andy Bardos (FBN 822671)
James Timothy Moore, Jr. (FBN 70023)
Ashley H. Lukis (FBN 106391)
GRAYROBINSON, P.A.
301 South Bronough Street, Suite 600
Tallahassee, Florida 32301
Telephone: 850-577-9090
andy.bardos@gray-robinson.com
tim.moore@gray-robinson.com
ashley.lukis@gray-robinson.com
*Attorneys for Defendants*