UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Chianne D., et al.,

    Plaintiffs,

v.                                          Case No. 3:23-cv-00985-MMH-LLL

Jason Weida, in his official capacity
as Secretary for the Florida Agency
for Health Care Administration, et al.,

    Defendants.
_____/

## JOINT MOTION TO SEAL CERTAIN TRIAL EXHIBITS

Pursuant to Local Rule 1.11 and the Court's Order Granting Joint Motion for Protective Order, dated February 9, 2024 (Doc. 83), the parties jointly move the Court for entry of an order permitting certain trial exhibits to be filed under seal. Specifically, the parties seek to file ten exhibits exclusively under seal because their redaction would be impractical and 28 exhibits both in redacted form on the public docket and in unredacted form under seal to ensure the clarity and completeness of the appellate record.

## I. Introduction

The parties jointly seek to file the following trial exhibits under seal:

- Video Recordings:
    - PX 278A
    - PX 278B
    - PX 279A
    - PX 279B
    - PX 280A
    - PX 280B
    - PX 281A
    - PX 281B

- Select Notices & DCF Documents:
    - PX 40
    - PX 81
    - PX 83
    - PX 84
    - PX 85
    - PX 95
    - PX 112
    - PX 116
    - PX 118
    - PX 120
    - PX 121
    - PX 122
    - PX 123
    - PX 129
    - PX 130
    - PX 131

- Audio Recordings:
    - PX 128
    - DX 71
    - DX 72
    - DX 73
    - DX 74
    - DX 75

- o DX 76
- o DX 77
- o DX 78
- o DX 79

- Native-Format Data Spreadsheets:

  - o PX 174
  - o DX 132
  - o DX 133
  - o DX 135

As explained below, these records contain a high volume of personally identifying information, including Medicaid Identification Numbers, Social Security Numbers, dates of birth, and the names of minor children – all of which is information defined as "confidential" under the Court's Stipulated Protective Order (*see* Doc. 84, ¶ 2) as well as Rule 5.2(a) of the Federal Rules of Civil Procedure. In addition, redaction of the exhibits that the parties seek to file under seal is impracticable or would unavoidably suppress important information necessary to maintain a clear appellate record.

For these reasons, the parties respectfully request that the Court authorize them to file the eight video recordings identified above and DX 132 and DX 133 exclusively under seal. The video recordings cannot be redacted in a practical way. Likewise, DX132 is a large spreadsheet that contains the PINs and Case Numbers of Medicaid recipients in every cell beneath the header row (other than cells that display only the word "NULL"), while DX 133 is a comma-delimited .txt file with more than one million rows that would need to be partially redacted one row at a time. As to the other 28 exhibits identified above, the parties propose to file redacted copies on the public

docket, but request leave to file unredacted copies under seal to ensure the clarity of the appellate record while avoiding disclosure of protected, confidential information on the public docket.

**II.     Certain Trial Exhibits Should Be Filed Under Seal Because They Contain Highly Sensitive Personal Identifying Information About Individual Medicaid Recipients, Including the Named Plaintiffs.**

In this District, a party seeking to seal materials must file a motion that includes: (1) the title "Motion to Seal"; (2) descriptions of the items to be sealed; (3) reasons why filing the items is necessary; (4) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (5) a legal memorandum supporting the seal; (6) the proposed duration of the seal; (7) the name, mailing address, email address, and telephone number of the person(s) authorized to receive sealed, tangible items;[1] (8) a statement that certifies the name, mailing address, email address, and telephone number of any non-party the movant knows or reasonably should know has an interest in establishing or maintaining the seal and the day on which, and the means by which, the movant served or otherwise delivered the motion to the non-party; and (9) the items which are proposed to be sealed. M.D. Fla. L.R. 1.11.

---

[1] This provision of Local Rule 1.11 is inapplicable here because none of the exhibits that the parties move to seal is a tangible item, such as a gun or a knife. If, however, the Court concludes that this provision applies, then the persons authorized to receive the exhibits are undersigned counsel, whose names, mailing addresses, email addresses, and telephone numbers are set forth in the signature blocks below.

As demonstrated below, the parties have met each of these requirements for the trial exhibits they seek to protect.

### A. Description of the items to be sealed.

The parties seek to file the following trial exhibits under seal:

- **PX 278A** and **PX 278B** are videos of the MyACCESS account for Plaintiff A.V. and her family. They contain Medicaid Identification Numbers, the full names of minor children, Social Security Numbers, home addresses, and telephone numbers;

- **PX 279A** and **PX 279B** are videos of the MyACCESS account for Plaintiffs Kimber Taylor and K.H. and their family members. They contain Medicaid Identification Numbers, the full names of minor children, Social Security Numbers, home addresses, and telephone numbers;

- **PX 280A** and **PX 280B** are videos of the MyACCESS account for Plaintiffs Chianne D. and C.D. and their family members. They contain Medicaid Identification Numbers, the full names of minor children, Social Security Numbers, home addresses, and telephone numbers;

- **PX 281A** and **PX 281B** are videos of the MyACCESS account for witness Lily Mezquita and her family. They contain Medicaid Identification Numbers, the full names of minor children, Social Security Numbers, home addresses, and telephone numbers;

- **PX 40, PX 81, PX 83-85, PX 95, PX 112, PX 116, PX 118, PX 120-123, PX 130-131** are DCF notices sent to Plaintiffs and witnesses testifying at trial that Plaintiffs contend directly relate to their due process claims. They contain Medicaid case numbers, the full names of minor children, and home addresses;

- **PX 129** is the fair hearing packet for Lily Mezquita. The documents contained in the packet contain Medicaid Identification Numbers, the full names of minor children, dates of birth, Social Security Numbers, home addresses, and telephone numbers;

- **PX 128 and DX 71** through **DX 79** are audio recordings of phone calls to the DCF call center that contain names, financial information, medical information, and a Social Security Number;

- **PX 174** is data from the DCF Office of Appeal Hearings and contains the names and Medicaid Identification Numbers of individual Medicaid recipients;

- **DX 132** is an Excel spreadsheet that contains the personal identification numbers (PINs) assigned by DCF to nearly 500,000 Medicaid recipients who have been found ineligible for Medicaid since the commencement of the unwinding period;

- **DX 133** is a comma-delimited .txt file that contains the names and Social Security Numbers of millions of current and former Medicaid recipients; and

- **DX 135** is an Excel spreadsheet that contains the unique Medicaid ID numbers and Social Security Numbers of more than 550,000 current and former Medicaid recipients.

B. **The reasons why filing and sealing the items are necessary.**

The filing of the exhibits is necessary because the exhibits were admitted into evidence at trial. This Court's rules require the clerk to "enter into the electronic record . . . each documentary, audio, and video exhibit admitted into evidence during a trial." M.D. Fla. L.R. 3.07(e). The exhibits must be sealed because, as explained above, the exhibits contain highly sensitive, personally identifying information that either cannot be protected by other available, satisfactory means, or should be available in the record in unredacted form to promote appellate review.

### C. The reason why a means other than sealing is unavailable or unsatisfactory.

As previously stated, the trial exhibits the parties seek to protect contain personal identifying and confidential information. Some of Plaintiffs' exhibits are videos, and for those exhibits, alternatives such as targeted redaction and the use of initials are impractical. Redaction is especially impractical because redacting video recordings can require the purchase of specialized hardware and software, and staff would need to be trained to use such technology. Even if the necessary technology were purchased and properly used, it cannot be guaranteed the redaction would not alter the video content.

Other means of protecting the sensitive information contained in Plaintiffs' non-video exhibits as well as Defendants' exhibits are also unavailable or unsatisfactory. The redaction of audio recordings would remove names from the recordings and therefore may hamper appellate review. Redaction of PX 174 and DX 132, 133, and 135—which are large spreadsheets in Excel and .txt format—is either impracticable given the extraordinary size of the documents, or eliminates the ability to fully filter and navigate those documents. Similarly, the redaction of Plaintiffs' exhibits that are DCF notices and other client documents would inhibit a clear appellate record by obfuscating the names identified in each section of the notice, particularly for family members who share initials.

### D. Legal memorandum.

In considering motions to seal, courts must balance the movant's interests in keeping information confidential against the public's interest in accessing court documents. *See, e.g.*, *Romero v. Drummond Co.,* 480 F.3d 1234, 1246 (11th Cir. 2007); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1314-15 (11th Cir. 2001). The public's common law right of access to judicial proceedings can be overcome by a showing of good cause, which courts evaluate by considering "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Romero*, 480 F.3d at 1246; *see also Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co.*, No. 3:10-cv-891-TJC-JBT, 2010 WL 6790538, at *1 (M.D. Fla. Oct. 28, 2010). The Eleventh Circuit has recognized that "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Romero*, 480 F.3d at 1246.

In weighing the public and privacy interests regarding video recordings specifically, where "the substance of the desired content is publicly available," then courts have found that the "very real threat to the privacy . . . [of a plaintiff] . . . outweigh[s] the presumption of public access to the videos." *See Doe v. N.Y. Univ.*, No. 1:20-cv-1343, 2023 WL 2609315, at *2-3 (S.D.N.Y. Mar. 23, 2023).

Here, the trial transcripts that contain witness testimony about the relevant content of the Plaintiffs' and Declarant's MyACCESS videos will be made publicly available. In contrast, the specific information Plaintiffs seek to protect (dates of birth, social security numbers, and minor's names) are safeguarded by Rule 5.2(a) of the Federal Rules of Civil Procedure. Given that the relevant substance of the videos will be described in publicly available trial transcripts, it is proper to seal the videos themselves to protect the recognized privacy interests of the Plaintiffs whose information could be misappropriated if made available on the public docket. *Id.*

The federal Medicaid Act requires Defendants to protect information regarding Medicaid applicants and recipients. Specifically, a State must "restrict the use or disclosure of information concerning applicants and recipients to purposes directly connected with . . . the administration of" its Medicaid State Plan, 42 U.S.C. § 1396a(a)(7); *accord* 42 C.F.R. § 431.301, such as establishing eligibility and providing services for recipients, 42 C.F.R. § 431.302. Protected information includes the names, addresses, and Social Security Numbers of applicants and recipients. *Id*. § 431.305(b). In addition, section 817.5685 of the Florida Statutes criminalizes the unauthorized intentional or knowing possession of another person's Medicaid account number.

The audio recordings and spreadsheets that Defendants offered contain names, Social Security Numbers, personal identification numbers, and case numbers of Medicaid applicants and recipients—information that falls squarely within the federal Medicaid Act's confidentiality provisions. Witness testimony about Defendants' audio recordings and spreadsheets will be publicly available in the trial transcript. In

9

addition, the audio recordings, the DCF notices and other client documents, and two of the Excel spreadsheets (PX 174 and DX 135) can be provided to the Court in a redacted format so they can be made publicly available on the docket, thereby mitigating any concern about the public's interest in accessing the exhibits.

## E. The proposed duration for the seal.

The parties respectfully request that the unredacted versions of the trial exhibits listed above be maintained under seal for the duration of this matter, including any appeals, and be destroyed at the conclusion of this litigation. Good cause exists to maintain the privacy of these records until they are destroyed because the substantial invasion of privacy that disclosure would inflict on individual Medicaid recipients, including the named Plaintiffs, would not end or abate at any particular point in time.

## F. The name, mailing address, email address, and telephone number of any non-party the movant knows or reasonably should know has an interest in establishing or maintaining the seal and the day on which, and the means by which, the movant served or otherwise delivered the motion to the non-party.

With the exception of the Medicaid recipients identified in DX 132, 133, and 135, the parties are not aware of any non-party who has an interest in establishing or maintaining the seal, and who is not already represented by Plaintiffs' counsel. Because DX 132, 133, and 135 each identify at least 497,000 individual Medicaid recipients, Defendants respectfully request the Court to exempt Defendants from the requirements of Local Rule 1.11(b)(7).

**III.   Conclusion**

The parties respectfully request that the Court file under seal the 38 trial exhibits referenced above.

Respectfully submitted,

Dated: August 8, 2024.

| | |
|---|---|
| /s/ *Katy DeBriere* <br> Katherine DeBriere <br> FBN: 58506 <br> Florida Health Justice Project <br> 3900 Richmond Street <br> Jacksonville, Florida 32205 <br> Telephone: 352-496-5419 <br> debriere@floridahealthjustice.org <br> *Attorneys for Plaintiffs* | /s/ *Andy Bardos* <br> Andy Bardos (FBN 822671) <br> James Timothy Moore, Jr. (FBN 70023) <br> Ashley H. Lukis (FBN 106391) <br> GRAYROBINSON, P.A. <br> 301 South Bronough Street, Suite 600 <br> Tallahassee, Florida 32301 <br> Telephone: 850-577-9090 <br> andy.bardos@gray-robinson.com <br> tim.moore@gray-robinson.com <br> ashley.lukis@gray-robinson.com <br> *Attorneys for Defendants* |