# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

CHIANNE D., *et al.*,

    Plaintiffs,

v.

Case No. 3:23-cv-00985-MMH-LLL

JASON WEIDA, in his official capacity as Secretary for the Florida Agency for Health Care Administration, and SHEVAUN HARRIS, in her official capacity as Secretary for the Florida Department of Children and Families,

    Defendants.

_____/

## DEFENDANTS' TIME-SENSITIVE
## MOTION TO REOPEN THE EVIDENCE

Defendants respectfully move the Court to reopen the evidence for the sole purpose of establishing a single fact: that the FLORIDA system change regarding Reason Code 241 that Mr. Hari Kallumkal testified about at trial was completed and implemented on August 24, 2024, consistent with Mr. Hari Kallumkal's testimony. Given the parties' approaching deadline to file their post-trial proposed findings of fact and conclusions of law, Defendants respectfully request a ruling on this motion by September 3, 2024.

1.      This case proceeded to a six-day bench trial on July 11 and from July 29 through August 2. The trial transcripts were filed on August 19, 2024, and as directed by the Court, the parties are required to file proposed findings of fact and conclusions of law by September 18, 2024.

2.      On August 1 and 2, Defendants presented the testimony of their final trial witness, Hari Kallumkal of Deloitte Consulting. Mr. Kallumkal testified that, at DCF's request, Deloitte was in the process of implementing a change to the FLORIDA system regarding Reason Code 241. Specifically, Mr. Kallumkal testified that, once the change is implemented, the FLORIDA system will automatically place the text of Reason Code 241 on each Notice of Case Action provided to a recipient who is terminated from Medicaid due to income. *See*, *e.g.*, ECF No. 166 ("Tr. Vol. VI") at 18:15–20:7, 84:14–25, 88:22–89:3, 95:7–19; ECF No. 165 ("Tr. Vol. V") at 261:13–17.[1] When asked by this Court when the enhancement would be completed, Mr. Kallumkal testified that the enhancement would be completed toward the end of August 2024. Tr. Vol. V at 209:25–210:5 (testifying on August 1, 2024, that the change was scheduled to be completed "in August," and "in the next three or four weeks").

3.      Defendants respectfully request that this Court reopen the evidence for the sole purpose of establishing the single fact that the change that Mr. Kallumkal

---

[1] The text of Reason Code 241 reads as follows: "YOUR HOUSEHOLD'S INCOME IS TOO HIGH TO QUALIFY FOR THIS PROGRAM." Defs.' Ex. 32 at 2.

described has been competed and implemented. Defendants seek an opportunity to present brief testimony from LaQuetta Anderson to establish this fact.

4. Defendants anticipate that Ms. Anderson's direct examination will take less than ten minutes and that her testimony could effectively be accomplished by videoconference for the convenience of the Court, the parties, and the witness.

## Memorandum of Law

This Court enjoys discretion to reopen the evidence after trial and consider additional proof. *See, e.g.*, *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 331 (1971) ("Like a motion under Rule 15(a) to amend the pleadings, a motion to reopen to submit additional proof is addressed to [the District Court's] sound discretion."); *Arnold Rogers v. City of Orlando*, 660 F. App'x 819, 823 (11th Cir. 2016) ("[W]e review a district court's ruling on a motion to reopen evidence for abuse of discretion."); *Lundgren v. McDaniel*, 814 F.2d 600, 607 (11th Cir. 1987) ("As a matter of federal law, the trial court has discretion whether to reopen the evidence after both parties have rested.").

When determining whether to allow a party to submit additional testimony, this Court considers (i) whether the evidence is material; (ii) whether the failure to introduce the evidence earlier is due to a lack of diligence by the moving party; and (iii) the risk of prejudice to the non-moving party, including whether the non-moving party has an opportunity for cross-examination. *In re Moore*, 559 B.R. 243, 264 (Bankr. M.D. Fla. 2016); *accord Matthew Bender & Co. v. West Publ'g Co.*, 158 F.3d 674, 679 (2d Cir. 1998) ("Among the factors the trial court should examine in

3

deciding whether to allow a reopening are the importance and probative value of the evidence, the reason for the moving party's failure to introduce the evidence earlier, and the possibility of prejudice to the non-moving party." (quoting *Garcia v. Woman's Hosp.*, 97 F.3d 810, 814 (5th Cir. 1996))).

Reopening the evidence is especially appropriate where, as here, no judgment has been entered and present-day facts are relevant to the issue of remedies. *See In re W. Shore Assocs., Inc.*, 435 B.R. 723, 725 (Bankr. M.D. Fla. 2010) ("The trial court may properly look with more favor upon a motion to reopen made after submission, but before any indication by it as to its decision . . . than when the motion comes after a decision has been rendered . . . ." (quoting *Caracci v. Brother Int'l Sewing Mach. Corp. of La.*, 222 F. Supp. 769, 771 (E.D. La. 1963)) (emphasis omitted)); *see also Grand Reserve of Columbus, LLC v. Prop.-Owners Ins. Co.*, 721 F. App'x 886, 889 (11th Cir. 2018) ("Property Owners argues that the district court abused its discretion when it allowed Dansby to offer new evidence of damages after Grand Reserve stated that it rested its case, but a trial 'judge has broad discretion to reopen a case to accept additional evidence, and his decision will not be overturned absent an abuse of that discretion . . . .'").

These factors are comfortably satisfied here. First, the proposed testimony is clearly material. In its class-certification order, the Court noted that some Notices of Case Action "reflect an additional omission in the lack of a Designated Reason identifying income as the basis for the ineligibility determination," and the Court accordingly certified "a subclass encompassing individuals who received this form

4

of notice." ECF No. 122 at 39–40. The change to the FLORIDA system ensures that all Notices of Case Action issued to Medicaid recipients who are terminated because of income will display a Designated Reason that identifies income as the basis for DCF's ineligibility determination. The change is thus highly relevant to the subclass, especially since Plaintiffs seek only prospective relief. ECF No. 77 at 43–44; *accord* ECF No. 122 at 34 (explaining that the "relief sought here is prospective in nature").

Second, Defendants' request to reopen the evidence does not result from a lack of diligence. Instead, the material fact Defendants seek to establish came into existence only a few days ago, and Defendants promptly moved for relief. As in *In Matter of Dunson*, No. 13-10604, 2014 WL 7793689, at \*3 (Bankr. N.D. Ga. Sept. 16, 2014), the "evidence in question could not have been presented at the time of trial because it did not exist." At trial, Defendants presented the facts that then existed regarding DCF's automation of Reason Code 241 for income-based Medicaid terminations, including Mr. Kallumkal's estimate that the system change would be completed this month. Tr. Vol. V at 209:25–210:5, 248:26–259:5. Plaintiffs had a full opportunity to cross-examine Mr. Kallumkal. Moreover, should this Court grant this motion, Plaintiffs will have every opportunity to cross-examine the witness to the full extent of the scope of Defendants' direct examination.

Unlike cases such as *In re West Shore Associates*, this is not a situation in which the Court announced its conclusions to the parties, trial concluded long ago, or the requested reopening would meaningfully delay resolution of the case. These distinctions, along with the opportunity to conduct cross-examination, eliminate

5

any prejudice to Plaintiffs. *See In Matter of Dunson*, 2014 WL 7793689, at *3 (concluding that opposing party would not be prejudiced by reopening evidence to present testimony on newly developed and material facts because a post-trial evidentiary hearing would allow for cross-examination, and because the court had not decided the issue on which the supplemental testimony would be offered).

This Court should accordingly exercise its discretion to reopen the evidence to allow Ms. Anderson's brief testimony to establish a recently developed fact that is material to the necessity and scope of the prospective injunctive relief requested by Plaintiffs. *See id.* at *2 n.5 (explaining that motions to reopen "may update a trial court with significant post-trial developments," and reopening evidence to receive "up-to-date information" regarding a "one time event that occurred on the heels of trial" and was "relevant and material" to the Court's decision (internal marks omitted)); *cf. Deutsche Bank Sec., Inc. v. Pruitt*, 1:11-cv-04434-SCJ, 2012 WL 13013371, at *2 (N.D. Ga. Jan. 5, 2012) (granting motion to reopen evidence after preliminary injunction hearing when proffered evidence was relevant and newly discovered).

## Conclusion

For these reasons, Defendants respectfully request that this Court reopen the evidence for the sole purpose of allowing Defendants to establish that, effective August 24, 2024, DCF implemented the Reason Code 241 change referenced in Mr. Kallumkal's trial testimony. A hearing to present Ms. Anderson's testimony could be

6

accomplished by videoconference, and direct examination can be accomplished in less than ten minutes.

## Certificate of Conferral

Pursuant to Local Rule 3.01(g), undersigned counsel conferred with counsel for Plaintiffs by email on August 22, 26, and 27, 2024. Plaintiffs oppose Defendants' motion, but the parties have expressed willingness to continue to discuss potential resolutions of the matters presented in this motion.

Dated August 27, 2024.                    Respectfully submitted,


                                                                      /s/ *Andy Bardos*
                                                                      Andy Bardos (FBN 822671)
                                                                      James Timothy Moore, Jr. (FBN 70023)
                                                                      Ashley H. Lukis (FBN 106391)
                                                                      GRAYROBINSON, P.A.
                                                                      301 South Bronough Street, Suite 600
                                                                      Tallahassee, Florida 32301
                                                                      Telephone: 850-577-9090
                                                                      andy.bardos@gray-robinson.com
                                                                      tim.moore@gray-robinson.com
                                                                      ashley.lukis@gray-robinson.com
                                                                      *Attorneys for Defendants*