UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHIANNE D.; C.D., by and through
her mother and next friend, Chianne D.;
A.V., by and through her mother
and next friend, Jennifer V.; KIMBER
TAYLOR; and K.H., by and through his
mother and next friend, Kimber Taylor,

        Plaintiffs,

-vs-                                      Case No. 3:23-cv-985-MMH-LLL

SHEVAUN HARRIS, in her official
capacity as Secretary for the FLORIDA
AGENCY FOR HEALTH CARE
ADMINISTRATION, and TAYLOR
HATCH, in her official capacity as
Secretary for the FLORIDA
DEPARTMENT OF CHILDREN
AND FAMILIES,

        Defendants.
_____/

# O R D E R

**THIS CAUSE** is before the Court on Plaintiffs' Unopposed Motion for Leave to Amend the Complaint (Doc. 181; Motion), filed on July 22, 2025. In the Motion, Plaintiffs seek leave to file a second amended complaint solely for the purpose of dropping the Medicaid Act claim asserted in Count II of the First Amended Complaint (Doc. 77). See Motion at 4, Exs. A-B. In addition,

Plaintiffs ask the Court to "amend the class certification order to reflect that the class is certified with respect to Count I only." Id. at 5. The Supreme Court's recent decision in Medina v. Planned Parenthood South Atlantic, 606 U.S. \_\_\_, 145 S. Ct. 2219 (June 26, 2025) is the impetus for the instant Motion. See id. at 3-4, 8. The Medina decision created a need for supplemental briefing on the Medicaid Act claim. See Order (Doc. 176), entered July 1, 2025. Rather than engage in supplemental briefing, Plaintiffs prefer to drop the Medicaid Act claim to streamline the issues and avoid any delay in the resolution of this action. See Motion at 8, 10-11. Plaintiffs represent to the Court that Defendants do not oppose the requested relief. Id. at 13.

Upon review, and in accordance with Rules 15(a)(2) and 16(b)(4) of the Federal Rules of Civil Procedure (Rule(s)), the Court finds good cause to grant Plaintiffs' request for leave to amend solely for the purpose of dropping Count II of the First Amended Complaint. See Perry v. Schumacher Grp. of La., 891 F.3d 954, 958 (11th Cir. 2018); Rosell v. VMSB, LLC, 67 F.4th 1141, 1144 (11th Cir. 2023); see also 6 Wright & Miller's Federal Practice & Procedure § 1488 (3d ed.) ("Rule 15(a) does not prescribe any time limit within which a party may apply to the court for leave to amend."). The Court also finds it appropriate to amend the Class Certification Order (Doc. 122) to limit the class claim to Count I only. See Rule 23(c)(1)(C). The Court has carefully considered the interests of the absent Class Members and finds no prejudice to the Class by this

amendment. Thus, to the extent Plaintiffs' decision to drop the Medicaid Act claim by amendment is subject to Rule 23(e), the Court approves the decision and determines that notice to the Class of this change is unnecessary.

Accordingly, it is

**ORDERED:**

1. Plaintiffs' Unopposed Motion for Leave to Amend the Complaint (Doc. 181) is **GRANTED**.

2. Plaintiffs shall file the Second Amended Complaint as a separate docket entry no later than **July 31, 2025**.

3. Given the limited nature of the amendment, Defendants shall file an answer to the Second Amended Complaint no later than **August 7, 2025**.

4. The Class Certification Order (Doc. 122) is **AMENDED** insofar as the Class and Subclass are certified only with respect to Count I of the forthcoming Second Amended Complaint.

**DONE AND ORDERED** in Jacksonville, Florida this 25th day of July, 2025.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record