# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

CHIANNE D., *et al.*,

      Plaintiffs,

                               Case No. 3:23-cv-00985-MMH-LLL

v.

SHEVAUN HARRIS, in her official
capacity as Secretary for the Florida
Agency for Health Care Administration,
and TAYLOR HATCH, in her official
capacity as Secretary for the Florida
Department of Children and Families,

      Defendants.

_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSE

Defendants, the Secretary of Health Care Administration and the Secretary

of Children and Families, in their official capacities, answer Plaintiffs' Second

Amended Complaint (ECF No. 183).

1.     Denied.

2.     Admitted that, during the COVID-19 pandemic, federal legislation

increased the federal medical assistance percentage, or FMAP, by 6.2 percentage

points. Admitted that, to receive the increase in FMAP, States were required to

treat any person who was enrolled in Medicaid on March 18, 2020—or who

enrolled in Medicaid between March 18, 2020, and the end of the month in which

the emergency period ended—as eligible for Medicaid until the end of the month

in which the emergency period ended, unless the individual requests a voluntary termination of eligibility or ceases to be a resident of the State. Admitted that this continuous enrollment condition ended on March 31, 2023. This paragraph is otherwise denied.

3.      Admitted that, in March 2023, Florida began redetermining eligibility for all Medicaid recipients. Admitted that this process is commonly called "unwinding." Admitted that the last sentence of this paragraph states Plaintiffs' characterization of their claims. This paragraph is otherwise denied.

4.      Admitted that each termination notice includes one or more reason codes. Admitted that a reason code uses uniform language to explain DCF's determination. This paragraph is otherwise denied.

5.      Admitted that elements of the termination notices have been used for years. This paragraph is otherwise denied.

6.      Denied.

7.      Denied.

8.      Admitted that the second sentence of this paragraph states Plaintiffs' characterization of the relief that Plaintiffs seek. This paragraph is otherwise denied.

9.      Admitted for jurisdictional purposes only.

10.      Denied that Plaintiffs seek relief pursuant to 42 U.S.C. § 12133. Admitted that this paragraph otherwise states Plaintiffs' characterization of the their claims. This paragraph is otherwise denied.

11.     Admitted for venue purposes only.

12.     Without knowledge and therefore denied.

13.     Without knowledge and therefore denied.

14.     Without knowledge and therefore denied.

15.     Without knowledge and therefore denied.

16.     Without knowledge and therefore denied.

17.     The third sentence of this paragraph is denied to the extent it misstates the scope of Secretary Harris' responsibilities. The remainder of this paragraph is admitted.

18.     Admitted that the Florida Legislature has vested DCF with responsibility for Medicaid eligibility determinations, which includes the issuance of notices of those determinations. The first, third, and fourth sentences of this paragraph are admitted. This paragraph is otherwise denied.

19.     Admitted that Plaintiffs seek certification of a class pursuant to Federal Rule of Civil Procedure 23(a) and (b)(2). This paragraph is otherwise denied.

20.     Admitted that Plaintiffs seek certification of the subclasses set forth in this paragraph. The remainder of this paragraph is denied.

21.     Denied.

22.     Denied.

23.     This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendants refer to the legal

authorities cited in this paragraph and deny all allegations of this paragraph that are inconsistent with those authorities.

24. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendants refer to the legal authorities cited in this paragraph and deny all allegations of this paragraph that are inconsistent with those authorities.

25. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendants refer to the legal authorities cited in this paragraph and deny all allegations of this paragraph that are inconsistent with those authorities.

26. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendants refer to the legal authorities cited in this paragraph and deny all allegations of this paragraph that are inconsistent with those authorities.

27. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendants refer to the legal authorities cited in this paragraph and deny all allegations of this paragraph that are inconsistent with those authorities.

28. Admitted.

29. This paragraph states legal conclusions to which no response is required.

30. Admitted.

31. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendants refer to the legal authorities cited in this paragraph and deny all allegations of this paragraph that are inconsistent with those authorities.

32. Admitted.

33. The first two sentences of this paragraph are admitted. Admitted that Florida's FMAP is 60.5 percent, exclusive of enhancements. This paragraph is otherwise denied.

34. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendants refer to the legal authorities cited in this paragraph and deny all allegations of this paragraph that are inconsistent with those authorities.

35. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendants refer to the legal authorities cited in this paragraph and deny all allegations of this paragraph that are inconsistent with those authorities.

36. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendants refer to the legal authorities cited in this paragraph and deny all allegations of this paragraph that are inconsistent with those authorities.

37. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendants refer to the legal

authorities cited in this paragraph and deny all allegations of this paragraph that are inconsistent with those authorities.

38.     This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendants refer to the legal authorities cited in this paragraph and deny all allegations of this paragraph that are inconsistent with those authorities.

39.     This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendants refer to the legal authorities cited in this paragraph and deny all allegations of this paragraph that are inconsistent with those authorities.

40.     Admitted that the Florida Medicaid program does not cover the population group described in 42 U.S.C. §1396a(a)(10)(A)(i)(VIII). The remainder of this paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendants refer to the legal authorities cited in this paragraph and deny all allegations of this paragraph that are inconsistent with those authorities.

41.     Admitted that, effective in 2022, Florida extended post-partum Medicaid eligibility for pregnant women to 12 months. The remainder of this paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendants refer to the legal authorities cited in this paragraph and deny all allegations of this paragraph that are inconsistent with those authorities.

42. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendants refer to the legal authorities cited in this paragraph and deny all allegations of this paragraph that are inconsistent with those authorities.

43. This paragraph states legal conclusions to which no response is required.

44. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendants refer to the legal authorities cited in this paragraph and deny all allegations of this paragraph that are inconsistent with those authorities.

45. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendants refer to the legal authorities cited in this paragraph and deny all allegations of this paragraph that are inconsistent with those authorities.

46. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendants refer to the legal authorities cited in this paragraph and deny all allegations of this paragraph that are inconsistent with those authorities.

47. The first and third sentences of this paragraph are admitted. The remainder of this paragraph is denied.

48. Admitted that, for non-MAGI groups, the income counting rules are based on the income counting rules of the cash assistance program under 42

C.F.R. § 435.601. Admitted that these income counting rules disregard some types of income. Admitted that non-MAGI groups are subject to a resource/asset limit. The remainder of this paragraph is denied.

49.     Admitted that Florida operates a "Medically Needy" program for certain individuals who would be eligible for Medicaid except that their income exceeds established limitations. The second and third sentences of this paragraph are admitted. This paragraph is otherwise denied.

50.     Admitted that, in general, coverage through the "Medically Needy" program does not begin in any given month until the medically-needy assistance group incurs allowable medical expenses equal to its share of cost. The third sentence of this paragraph is admitted. This paragraph is otherwise denied.

51.     This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendants refer to the legal authorities cited in this paragraph and deny all allegations of this paragraph that are inconsistent with those authorities.

52.     This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendants refer to the legal authorities cited in this paragraph and deny all allegations of this paragraph that are inconsistent with those authorities.

53.     This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendants refer to the legal

authorities cited in this paragraph and deny all allegations of this paragraph that are inconsistent with those authorities.

54.     This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendants refer to the legal authorities cited in this paragraph and deny all allegations of this paragraph that are inconsistent with those authorities.

55.     This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendants refer to the legal authorities cited in this paragraph and deny all allegations of this paragraph that are inconsistent with those authorities.

56.     This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendants refer to the legal authorities cited in this paragraph and deny all allegations of this paragraph that are inconsistent with those authorities.

57.     This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendants refer to the legal authorities cited in this paragraph and deny all allegations of this paragraph that are inconsistent with those authorities.

58.     This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendants refer to the legal authorities cited in this paragraph and deny all allegations of this paragraph that are inconsistent with those authorities.

59.     This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendants refer to the legal authorities cited in this paragraph and deny all allegations of this paragraph that are inconsistent with those authorities.

60.     This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendants refer to the legal authorities cited in this paragraph and deny all allegations of this paragraph that are inconsistent with those authorities.

61.     This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendants refer to the legal authorities cited in this paragraph and deny all allegations of this paragraph that are inconsistent with those authorities.

62.     Admitted that the Florida Legislature has vested DCF with responsibility for Medicaid eligibility determinations. The second sentence of this paragraph is admitted. This paragraph is otherwise denied.

63.     Admitted that, in March 2020, to obtain enhanced funding made available by the Families First Coronavirus Response Act, DCF implemented processes to maintain the Medicaid eligibility of any person who was enrolled in Medicaid on March 18, 2020, or who enrolled in Medicaid between March 18, 2020, and the end of the month in which the emergency period ended, unless the individual requested a voluntary termination of eligibility or ceased to be a resident of Florida. This paragraph is otherwise denied.

64. Admitted.

65. Admitted that Florida's Medicaid Redetermination Plan states that DCF determines eligibility for approximately 4.9 million Floridians who receive Medicaid. This paragraph is otherwise denied.

66. Admitted that DCF's termination notices contain some uniform elements and are system-generated in whole or in part. This paragraph is otherwise denied.

67. Denied.

68. Admitted that some notices include sections labeled "Medicaid" or "Medically Needy." This paragraph is otherwise denied.

69. The first sentence of this paragraph is denied. The remainder of this paragraph is admitted.

70. The first two sentences of this paragraph are admitted. Admitted that one section may indicate that an individual is "eligible" or "enrolled," while another indicates that the same individual is "ineligible," if the two sections address different programs or different time periods. This paragraph is otherwise denied.

71. Denied.

72. Admitted that, if all individuals listed in a given section are ineligible, then that section contains one or more reason codes. Admitted that DCF uses a finite number of reason codes. This paragraph is otherwise denied.

73. Admitted.

74.     Admitted that reason codes appear after the word "Reason:" and that most reason codes are printed in all capital letters. This paragraph is otherwise denied.

75.     The first two sentences of this paragraph are admitted. Admitted that notices do not provide the applicable income limit or the calculation of an individual's income. This paragraph is otherwise denied.

76.     Admitted that the four reason codes quoted in this paragraph appear in some notices. This paragraph is otherwise denied.

77.     Denied.

78.     Admitted that the quotation in the last sentence of this paragraph appears in a letter dated August 8, 2023, from Rhonda Morris, then Assistant General Counsel for DCF, to Plaintiffs' counsel. As to the remainder of this paragraph, without knowledge and therefore denied.

79.     Denied.

80.     Denied.

81.     Admitted that termination notices do not identify the Medicaid-eligible population group to which the individual belonged before the individual became ineligible. This paragraph is otherwise denied.

82.     Denied.

83.     The first sentence of this paragraph is admitted. The second sentence of this paragraph is denied.

84. Admitted that notices of case action inform recipients how to request a fair hearing. Admitted that the fair-hearing section of the notices of case action is uniform and that the statement quoted in this paragraph appears in that section. Denied that the quoted statement is a complete recitation of the fair-hearing section.

85. Denied. The notices include a Post Office Box and provide recipients with a web address at which recipients can "locate a DCF Office."

86. Denied.

87. Admitted that CMS made the statement quoted in the third sentence of this paragraph. As to the remainder of this paragraph, without knowledge and therefore denied.

88. Denied. The notices provide recipients with a web address at which recipients can "locate a DCF Office."

89. Admitted that DCF has approximately 41 Economic Self-Sufficiency storefronts and lobbies across Florida. The second sentence of this paragraph is denied. As to the remainder of this paragraph, without knowledge and therefore denied.

90. Admitted.

91. Admitted.

92. Admitted.

93. Without knowledge and therefore denied.

94. Denied.

95.    Denied.

96.    Denied.

97.    Without knowledge and therefore denied.

98.    Without knowledge and therefore denied.

99.    Without knowledge and therefore denied.

100.   Without knowledge and therefore denied.

101.   Without knowledge and therefore denied.

102.   Admitted.

103.   Admitted that, on April 24, 2023, DCF issued an 11-page notice of case action to Chianne D. Admitted that the second sentence of this paragraph correctly describes some of the statements in the notice.

104.   Admitted that this paragraph correctly describes some of the statements in the notice.

105.   Admitted that the notice did not state that Chianne D. or C.D. were being referred to another program for potential coverage. Denied that the notice did not notify the family about the Florida KidCare program or the Federally Facilitated Marketplace or invite Chianne D. and C.D. to check their online ACCESS account "to see if your application has been forwarded to KidCare or the FFM." The remainder of this paragraph is denied.

106.   Denied.

107.   Without knowledge and therefore denied.

108.     The first sentence of this paragraph is admitted. The second sentence of this paragraph is denied. Denied that the remainder of this paragraph fairly and accurately represents Chianne D.'s communications with DCF's representatives.

109.     Without knowledge and therefore denied.

110.     Admitted that Chianne D. did not submit her fair-hearing request in writing. Without knowledge as to whether Chianne D. believes that a DCF representative submitted a request on her behalf, and therefore denied. The notice issued to Chianne D. speaks for itself. This paragraph is otherwise denied.

111.     Admitted that Chianne D.'s and C.D.'s Medicaid benefits terminated on May 31, 2023. This paragraph is otherwise denied.

112.     Without knowledge and therefore denied.

113.     Without knowledge and therefore denied.

114.     Without knowledge and therefore denied.

115.     Without knowledge and therefore denied.

116.     Without knowledge and therefore denied.

117.     Without knowledge and therefore denied.

118.     Without knowledge and therefore denied.

119.     Admitted that, on June 28, 2023, Chianne D. withdrew her request for a fair hearing. As to the remainder of this paragraph, without knowledge and therefore denied.

120.     Without knowledge and therefore denied.

121.    Without knowledge and therefore denied.

122.    Admitted that A.V.'s Medicaid coverage began in May 2022. Admitted that one of A.V.'s siblings receives Supplemental Security Income (SSI) benefits and therefore receives Medicaid. As to the remainder of this paragraph, without knowledge and therefore denied.

123.    Without knowledge and therefore denied.

124.    Without knowledge and therefore denied.

125.    Without knowledge and therefore denied.

126.    Admitted that the notice contained seven sections entitled "Medically Needy," which provided information about various household members and their respective "share of cost" amounts. As to the first and last sentences of this paragraph, without knowledge and therefore denied. The remainder of this paragraph is denied.

127.    Admitted that the "Medicaid" section of the notice begins on the fifth page and contains the following statement: "Your Medicaid benefits for the person(s) listed below will end on May 31, 2023." Admitted that the "Medicaid" section names seven of eight household members. Admitted that the household member who is not named in the "Medicaid" section is eligible for Medicaid because she receives Supplemental Security Income. The remainder of this paragraph is denied.

128.    Admitted that the reason code used in the "Medicaid" section of the notice states: "YOU OR A MEMBER(S) OF YOUR HOUSEHOLD REMAIN

ELIGIBLE FOR MEDICAID UNDER A DIFFERENT MEDICAID COVERAGE GROUP." Denied that the notice contains no other information about the reason for DCF's determination.

129.   Without knowledge and therefore denied.

130.   Without knowledge and therefore denied.

131.   Without knowledge and therefore denied.

132.   Without knowledge and therefore denied.

133.   Admitted that A.V. is not currently a Medicaid recipient. As to the remainder of this paragraph, without knowledge and therefore denied.

134.   As to the first sentence of this paragraph, without knowledge and therefore denied. The second sentence of this paragraph is admitted.

135.   Admitted that Ms. Taylor was a Medicaid recipient during part of the term of her pregnancy. The remainder of this paragraph is denied.

136.   Admitted that, on April 26, 2023, DCF issued a notice to Ms. Taylor. Admitted that the notice stated in part that Ms. Taylor is eligible for continued Medicaid coverage, that benefits for K.H. (who was not yet born) would begin when DCF is notified of the birth and K.H.'s Medicaid card is activated, and that that K.H. would be eligible for Medicaid starting June 1, 2023. The remainder of this paragraph is denied.

137.   Admitted that K.H. was born in May 2023. The remainder of this paragraph is denied.

138.   Admitted.

139. Admitted.

140. Without knowledge and therefore denied.

141. Admitted that, on June 8, 2023, DCF issued a notice to Ms. Taylor and K.H. The second sentence of this paragraph is admitted. As to the remainder of this paragraph, without knowledge and therefore denied.

142. Denied that the notice contains no other information about the reason for DCF's determination. The remainder of this paragraph is admitted.

143. Admitted.

144. Without knowledge and therefore denied.

145. The first sentence of this paragraph is denied. The second sentence of this paragraph is admitted.

146. Without knowledge and therefore denied.

147. Denied.

148. Denied.

149. Without knowledge and therefore denied.

150. Admitted that Ms. Taylor did not request a fair hearing. As to the remainder of this paragraph, without knowledge and therefore denied.

151. Denied.

152. The first sentence of this paragraph is admitted. Admitted that the notice issued to Chianne D. did not reference post-partum coverage. The remainder of this paragraph is denied.

153.  The first sentence of this paragraph is admitted. The second sentence of this paragraph is denied.

154.  Admitted that Ms. Taylor's and K.H.'s Medicaid benefits terminated on June 30, 2023. This paragraph is otherwise denied.

155.  Without knowledge and therefore denied.

156.  Without knowledge and therefore denied.

157.  Without knowledge and therefore denied.

158.  Defendants incorporate by reference their responses to the allegations set forth in paragraphs 1 through 157 above.

159.  This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendants refer to the legal authorities cited in this paragraph and deny all allegations of this paragraph that are inconsistent with those authorities.

160.  Denied.

161.  Admitted that Count I attempts to plead a claim pursuant to 42 U.S.C. § 1983. Denied that Plaintiffs are entitled to relief. The remainder of this paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendants refer to the legal authorities cited in this paragraph and deny all allegations of this paragraph that are inconsistent with those authorities.

To the extent the complaint's headings contain factual allegations that require a response, those allegations are denied.

## PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to any relief and request this Court to enter judgment for it and against Plaintiffs and award Defendants their costs and such other relief as the Court deems appropriate.

## AFFIRMATIVE DEFENSE

Plaintiffs have no standing to assert the claims set forth in their First Amended Complaint.

Dated August 4, 2025.                    Respectfully submitted,


/s/ *Andy Bardos*
Andy Bardos (FBN 822671)
James Timothy Moore, Jr. (FBN 70023)
Ashley H. Lukis (FBN 106391)
GRAYROBINSON, P.A.
301 South Bronough Street, Suite 600
Tallahassee, Florida 32301
Telephone: 850-577-9090
andy.bardos@gray-robinson.com
tim.moore@gray-robinson.com
ashley.lukis@gray-robinson.com
*Attorneys for Defendants*