**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CHIANNE D.; C.D., by and through her mother and next friend, Chianne D.; A.V., by and through her mother and next friend, Jennifer V.; KIMBER TAYLOR; and K.H., by and through his mother and next friend, Kimber Taylor,

Plaintiffs,

-vs- Case No. 3:23-cv-985-MMH-LLL

SHEVAUN HARRIS, in her official capacity as Secretary for the FLORIDA AGENCY FOR HEALTH CARE ADMINISTRATION, and TAYLOR HATCH, in her official capacity as Secretary for the FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES,

Defendants.
_________________________________________/

**ORDER**

**THIS CAUSE** is before the Court on the Urgent Motion for Relief and to be Added to the Class Action (Doc. 202; Motion) filed on August 31, 2026, by pro se movant Maritza Soutullo Delgado. In the Motion, Delgado contends that she is part of the certified class in this action and that Defendants have failed to provide her with the relief to which she is entitled as a class member. See

Motion at ECF pp. 2-4; see also Order (Doc. 122) at 69 (certifying class), entered April 23, 2024; Findings of Fact and Conclusions of Law (Doc. 186; Final Order) at 270-73 (ordering classwide injunctive relief), entered January 6, 2026. As such, Delgado asks the Court to "formally recognize her as a Class Member and permit her to receive and enforce the class-wide remedial relief already ordered by this Court." See Motion at ECF p. 1. Among other things, Delgado seeks reinstatement of her Medicaid coverage pending resolution of her fair hearing, as well as "an accurate corrective notice concerning her own Medicaid case . . . ." See id. at ECF p. 4. Defendants Shevaun Harris, in her official capacity as Secretary for the Florida Agency for Health Care Administration (AHCA), and Taylor Hatch, in her official capacity as Secretary for the Florida Department of Children and Families (DCF) (collectively, the State) filed a response in opposition to the Motion on September 11, 2026. See Defendants' Response to Maritza Soutullo Delgado's "Urgent Motion for Relief and to be Added to the Class Action" (Doc. 204; Response). In the Response, the State argues that Delgado is not a member of the Class because her Medicaid coverage was not terminated based on income. See Response at 1-2.

Upon review, the Court finds that the Motion is due to be denied as it is both legally and factually unsupported. Pursuant to Local Rule 3.01(b), "[a] motion must include . . . a concise statement of the precise relief requested, a statement of the basis for the request, and a legal memorandum supporting the

request." See Local Rule 3.01(b), United States District Court, Middle District of Florida (Local Rule(s)) (emphasis added). Here, Delgado makes no attempt to cite any legal authority in support of her request for relief, much less provide a memorandum of law as required by Local Rule 3.01(b). While the Court recognizes that Delgado is acting pro se, she is "nonetheless obligated to follow the court's rules." See Moreno v. Serco Inc., 734 F. App'x 656, 658 (11th Cir. 2018).[1] As such, Delgado's failure to support her request with any legal authority warrants denial of the Motion.

Nevertheless, the Court has also considered the substance of the Motion and finds it to be factually without merit. The Class in this action is defined in relevant part as: "[a]ll Florida Medicaid enrollees who on or after March 31, 2023, have been or will be found ineligible for Medicaid coverage based on a finding that the individual or household has income that exceeds the threshold for Medicaid eligibility . . . ." See April 23, 2024 Order at 69. Thus, Class Members are only those individuals whose Medicaid coverage was terminated based on income. Id. Here, Delgado does not argue, much less offer any

[1] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

evidence, that the State terminated her Medicaid coverage based on a finding of income ineligibility.

In the Motion, Delgado does not state whether she knows the reason for the State's decision to terminate her Medicaid coverage nor does she explain what she believes that reason to be. See Motion at ECF p. 2. Instead, Delgado appears to contend that she is a member of the Class because she received a corrective notice pursuant to the Court's Final Order. Id. The problem with this argument, however, is that the corrective notice attached to the Motion pertains to a member of Delgado's household, not Delgado. See id. at ECF p. 10. Thus, Delgado's reliance on the corrective notice to establish her class membership is unavailing.

Delgado also attaches to the Motion a notice dated September 21, 2023. See id. at ECF p. 12. However, like the corrective notice, this notice primarily concerns a different member of Delgado's household.[2] Id. The notice states that this household member is ineligible for Medicaid based on income and is

[2] Delgado appears to be confused by the fact that the notices are addressed to her and refer to "your Medicaid" and "your eligibility." See Motion at ECF pp. 2-3, 10, 12. However, as explained in the Court's Final Order, notices are addressed to "the person designated as the payee" within the computer system, not necessarily the person whose benefits are under review. See Final Order at 40. For example, as appears to be the case here, a notice may be addressed to a mother concerning the Medicaid coverage of her child. Id.; see also Motion at ECF pp. 10-11. While Delgado's confusion from the imprecise wording is understandable, it does not make her a Class Member absent a showing that the State terminated her Medicaid coverage due to her income.

enrolled in the Medically Needy program.[3] See id. Significantly, as to Delgado, the notice lists her as ineligible for the Medically Needy program. See Motion at ECF p. 12. Although the notice does not include a reason for this finding, the Court can infer that income was not the relevant factor because the Medically Needy program has no income limit. See Final Order at 25, 62. Stated another way, if the State had found Delgado ineligible for Medicaid based on income when it issued this September 21, 2023 notice, then she would have been enrolled in the Medically Needy program. See Final Order at 62 ("[I]ndividuals terminated from Medicaid due to income are enrolled in the Medically Needy program."). Thus, upon careful consideration of the Motion and its attachments, the Court finds that Delgado fails to make a factual showing that she is a Class Member in this case. In light of the foregoing, it is

**ORDERED**:

[3] Notably, it appears that this notice may concern a Medicaid denial, as opposed to a termination decision. See Final Order at 52. This is important because the Class includes only individuals whose existing Medicaid benefits were terminated based on income; it does not include applicants seeking benefits in the first instance who were denied. See April 23, 2024 Order at 40-41 n.13.

Movant Maritza Soutullo Delgado's Urgent Motion for Relief and to be Added to the Class Action (Doc. 202) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida this 15th day of September, 2026.

Marcia Morales Howard

**MARCIA MORALES HOWARD**
United States District Judge

lc11
Copies to:

Counsel of Record

Maritza Soutullo Delgado
1423 NW 70th Street
Miami, FL 33147